PER CURIAM.
The defendant filed a motion entitled “Motion to Dismiss” by which she sought an order dismissing count two of the charges against her upon the basis that “ . the Information in Count II fails to state a crime.” At the hearing on this motion, the defendant was allowed to file an affidavit which purported to proceed under Fla.R. Crim.P. 3.190(c)(4). The court then determined the factual basis for defendant’s position that the State was estopped to prosecute her for the particular crime charged in count two and, thereafter, the judge entered an order dismissing count two of the information.
We hold that this proceeding was too informal in that it did not give the State an opportunity to traverse the matters of fact alleged in the affidavit. The procedure set out in Fla.R.Crim.P. 3.190(c)(4) is a distinct remedy and in order to avoid results which are not supported by the record, the rule must be followed in particularity. Cf. the rule in Weinstein v. General Accident Fire & Life Assurance Company Limited, 141 So.2d 318, 321-322 (Fla. 1st DCA 1962). Therefore, the order dismissing count two is reversed without prejudice to the plaintiff to proceed under Rule 3.190(c)(4), if such is applicable.
Reversed and remanded.