462 So.2d 1082 (1985)
STATE of Florida, Petitioner,
v.
Boyce E. GLOSSON, Matthew A. Bronza, Robert C. Brooke, James P. Sheridan, Howard T. Smith, and Frances L. Gonzalez, Respondents.
No. 64688.
Supreme Court of Florida.
January 17, 1985.
Rehearing Denied February 28, 1985.
*1083 Jim Smith, Atty. Gen., and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for petitioner.
Robert G. Duval, North Miami, for Boyce E. Glosson.
Harvey Robbins, North Miami, for Robert L. Brooke, Matthew A. Brozyna and James P. Sheridan.
Harvie S. DuVal of Greenfield & DuVal, North Miami, for Harold T. Smith and Frances Lorraine Gonzalez.
Everett F. Jones, Tallahassee, amicus curiae, for the Florida Sheriffs Assn.
McDONALD, Justice.
This case is before us to review State v. Glosson, 441 So.2d 1178 (Fla. 1st DCA 1983), which expressly construes a constitutional provision. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The issue on review is whether the district court properly affirmed the dismissal of criminal charges because the payment of a contingent fee to an informant conditioned on his cooperation and testimony in criminal prosecutions violated the respondents' constitutional due process right. For the reasons expressed below, we approve the district court's decision.
The state charged Boyce E. Glosson and the five other respondents with trafficking in over 100 but less than 2,000 pounds of cannabis and with conspiring to traffic in over 100 pounds of cannabis. These charges resulted from a "reverse-sting" operation run by the Levy County Sheriff's Department through a paid informant, Norwood Lee Wilson. Wilson traveled to Dade County, where he agreed to sell several hundred pounds of cannabis to the respondents in Levy County. The respondents came to Levy County, took possession of the cannabis controlled by the sheriff, and were arrested soon afterward. As a result of the arrests, the sheriff seized several vehicles and over $80,000 in cash subject to civil forfeiture under sections 932.701-.704, Florida Statutes (1983).
The respondents filed motions to dismiss the information because of entrapment and prosecutorial misconduct. These motions relied primarily upon the agreement between the sheriff and Wilson whereby Wilson would receive ten percent of all civil forfeitures arising out of successful criminal investigations he completed in Levy County. The trial court held hearings on this issue and denied the motions to dismiss. The respondents filed further motions to dismiss which alleged that specific unethical conduct by the prosecutor had deprived them of their due process right. These charges included permitting the payment of a contingent fee to Wilson, a vital witness in a criminal prosecution, and failing to supervise Wilson properly after sending him out to make cases using government-controlled cannabis. A further hearing on these motions resulted in a stipulated set of facts for the trial court to dispose of the due process issue on a Florida Rule of Criminal Procedure 3.190(c)(4) motion to dismiss rather than go to the expense of a trial and possibly have a directed judgment of acquittal on the same facts. The parties stipulated that each defendant had asserted an entrapment defense; that Wilson had an oral agreement with the sheriff, which agreement the state attorney's office knew about and even supervised Wilson's investigations; that Wilson would receive ten percent of all civil forfeiture proceedings resulting from the criminal investigations initiated and participated in by him; that the contingent fee would be paid out of civil forfeitures received by the sheriff; that Wilson must testify and cooperate in criminal prosecutions resulting from his investigations in order to collect the contingent fee; that this is one of those criminal prosecutions; and that Wilson must testify and cooperate in this case for there to be a successful prosecution. The trial court dismissed the information after finding that prosecutorial misconduct in this case had deprived the respondents of their right to due process.
The district court affirmed the dismissal, finding the constitutional due process issue to be a question of law for the trial court *1084 and holding that the contingent fee arrangement with Wilson violated the respondents' due process right. The district court relied on Williamson v. United States, 311 F.2d 441 (5th Cir.1962), in holding the respondents had been denied due process because Wilson's contingent arrangement seemed to manufacture, rather than detect, crime. The district court recognized that United States v. Joseph, 533 F.2d 282 (5th Cir.1976), cert. denied, 431 U.S. 905, 97 S.Ct. 1698, 52 L.Ed.2d 389 (1977), limited Williamson to those cases where contingent fees are paid for evidence against particular persons. Nevertheless, the district court found that the pervasive informant activity in this case came closer to the facts in Williamson than to the limited informant activity approved in Joseph.
The state contends that the district court erred in affirming the trial court's order dismissing the information. The state argues that the respondents' due process defense is both procedurally and substantively inapplicable in this case. We disagree with both arguments.
Two reasons require us to reject the state's argument that the due process defense in this case presents a credibility issue for the jury rather than a question of law which the trial court may decide on a rule 3.190(c)(4) motion to dismiss. The due process defense based upon governmental misconduct is an objective question of law for the trial court, as opposed to the subjective predisposition question submitted to the jury in the usual entrapment defense. United States v. Graves, 556 F.2d 1319 (5th Cir.1977), cert. denied, 435 U.S. 923, 98 S.Ct. 1485, 55 L.Ed.2d 516 (1978); United States v. Quinn, 543 F.2d 640 (8th Cir.1976). The trial court had sufficient undisputed facts in the stipulation to determine as a matter of law that Wilson's contingent fee arrangement with the sheriff violated the respondents' due process right, compelling the dismissal of the information. The state's argument must also fail because the prosecutor agreed to the pretrial disposition of the due process issue to avoid a possible adverse ruling during a lengthy trial. The state may not now claim procedural error in a ruling it invited the trial court to make.
The state further contends that the district court should not have affirmed the application of the due process defense in this case, which did not involve acts or threats of violence by government agents. We disagree and hold that the agreement in this case to pay an informant a contingent fee conditioned on his cooperation and testimony in criminal prosecutions violates constitutional due process.
The United States Supreme Court first recognized the entrapment defense, with its emphasis on the predisposition of the defendant to commit a crime, in Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932). In dicta from United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973), the Court appeared to recognize the due process defense, regardless of the defendant's predisposition, where "the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." Id. at 431-32, 93 S.Ct. at 1642-43. Only three justices agreed with the later plurality opinion in Hampton v. United States, 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976), holding that the due process defense is unavailable to a predisposed defendant.
We cannot agree with the state's position that Hampton forecloses the due process defense from admittedly predisposed defendants. However, it appears that since Hampton the due process defense has been raised successfully in only one federal circuit court. United States v. Twigg, 588 F.2d 373 (3d Cir.1978) (due process violated where government supplied equipment and location for illegal drug factory while paid informant supplied required expertise). Indeed, a recent federal circuit court stated that nothing short of "the infliction of pain or physical or psychological coercion" will establish the due process defense. United States v. Kelly, 707 F.2d 1460, 1477 (D.C. *1085 Cir.), cert. denied, ___ U.S. ___, 104 S.Ct. 264, 78 L.Ed.2d 247 (1983).
The due process defense appears to fare better when used by predisposed defendants in state court proceedings. Courts in two states have recognized and relied upon the due process defense to overturn criminal convictions. State v. Hohensee, 650 S.W.2d 268 (Mo. Ct. App. 1982) (conviction based on burglary sponsored and operated by the police violated due process right of predisposed defendant who acted as lookout during burglary); People v. Isaacson, 44 N.Y.2d 511, 406 N.Y.S.2d 714, 378 N.E.2d 78 (1978) (police misconduct and trickery used to secure drug sales by predisposed defendant within state violated defendant's due process right, requiring dismissal of case).
We reject the narrow application of the due process defense found in the federal cases. Based upon the due process provision of article I, section 9 of the Florida Constitution, we agree with Hohensee and Isaacson that governmental misconduct which violates the constitutional due process right of a defendant, regardless of that defendant's predisposition, requires the dismissal of criminal charges.
Our examination of this case convinces us that the contingent fee agreement with the informant and vital state witness, Wilson, violated the respondents' due process right under our state constitution. According to the stipulated facts, the state attorney's office knew about Wilson's contingent fee agreement and supervised his criminal investigations. Wilson had to testify and cooperate in criminal prosecutions in order to receive his contingent fee from the connected civil forfeitures, and criminal convictions could not be obtained in this case without his testimony. We can imagine few situations with more potential for abuse of a defendant's due process right. The informant here had an enormous financial incentive not only to make criminal cases, but also to color his testimony or even commit perjury in pursuit of the contingent fee. The due process rights of all citizens require us to forbid criminal prosecutions based upon the testimony of vital state witnesses who have what amounts to a financial stake in criminal convictions.
Accordingly, we hold that a trial court may properly dismiss criminal charges for constitutional due process violations in cases where an informant stands to gain a contingent fee conditioned on cooperation and testimony in the criminal prosecution when that testimony is critical to a successful prosecution. We approve the district court decision under review.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, EHRLICH and SHAW, JJ., concur.
ALDERMAN, J., dissents.