473 So.2d 716 (1985)
John Kenneth YOLMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 84-940.
District Court of Appeal of Florida, Second District.
April 3, 1985.
*717 James Marion Moorman, Public Defender, and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Ann Garrison Paschall, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
We affirm defendant's convictions and sentences for conspiracy to traffic in cannabis and trafficking in cannabis.
Defendant's convictions resulted from a "reverse-sting" operation run by the Highlands County Sheriff's Department through a paid informant, Ed Wall. The sheriff's department compensated Wall at the rate of fifty dollars a day, plus expenses, with a bonus based on the value of the confiscated properties. Defendant challenges the contingent fee arrangement as violative of his constitutional due process rights, citing State v. Glosson, 462 So.2d 1082 (Fla. 1985), and Williamson v. United States, 311 F.2d 441 (5th Cir.1962). We disagree.
The facts in Glosson as summarized by the Supreme Court of Florida are as follows:
The parties stipulated that each defendant had asserted an entrapment defense; that Wilson had an oral agreement with the sheriff, which agreement the state attorney's office knew about and even supervised Wilson's investigations; that Wilson would receive ten percent of all civil forfeiture proceedings resulting from the criminal investigations initiated and participated in by the sheriff; that Wilson must testify and cooperate in criminal prosecutions resulting from his investigations in order to collect the contingent fee; that this is one of those criminal prosecutions; and that Wilson must testify and cooperate in this case for there to be a successful prosecution.
Glosson, 462 So.2d at 1083.
On these facts, the court affirmed the First District's decision in State v. Glosson, 441 So.2d 1178 (Fla. 1st DCA 1983), holding "that a trial court may properly dismiss criminal charges for constitutional due process violations in cases where an informant stands to gain a contingent fee conditioned on cooperation and testimony in the criminal prosecution when that testimony is critical to a successful prosecution." Glosson, 462 So.2d at 1085. In so holding, the court reasoned that Wilson, the informant, had a strong incentive not only to make criminal cases but also to perjure himself in pursuit of his compensation.
We find the instant case clearly distinguishable from Glosson. Although Wall's fee was to be determined by the size of the resulting narcotics deal, it was not contingent upon his cooperation in defendant's prosecution. Additionally, we find no evidence that the state attorney was involved in this "reverse-sting."
We are also not persuaded by the defendant's reliance on Williamson. There, through a contingent fee arrangement, the government enlisted the aid of an informant specifically for the purpose of producing evidence against Williamson. Here, however, the defendant was not such a preselected target of the law enforcement authorities. See United States v. Joseph, 533 F.2d 282 (5th Cir.1976), cert. denied, 431 U.S. 905, 97 S.Ct. 1698, 52 L.Ed.2d 389 (1977) (limiting Williamson to cases where contingent fees are used to obtain evidence against particular persons).
Affirmed.
*718 GRIMES, A.C.J., SCHOONOVER, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.