PER CURIAM.
The state appeals from a trial court order dismissing an information based on prose-cutorial misconduct. The trial court concluded that the prosecution below, although begun in good faith, ultimately became a bad faith prosecution to which the court refused to be a party because: (1) the arrest affidavit, upon which the information was allegedly based, was subsequently impeached in certain material respects by defense discovery depositions taken in the case, and (2) the evidence in the record reviewed by the court was insufficient to survive a defense motion for judgment of acquittal made at trial, if the defendant’s statement to the investigating trooper at the scene of the accident in question be disregarded as being inadmissible in evidence. We reverse.
We are cited to no authority, and our independent research reveals none, which empowers a trial court to dismiss an information based on prosecutorial misconduct because the arrest warrant affidavit upon which the information may have been based has subsequently been impeached by other evidence. It is elementary that the trier of fact must resolve such credibility questions at trial, not the trial court on a motion to dismiss. Nor are we aware of any authority which requires that the state prove its case prior to trial or suffer a dismissal of its information for prosecutorial misconduct. Plainly, no due process violation has been established below which justifies the dismissal of the information in this cause. Compare State v. Glosson, 462 So.2d 1082 (Fla.1985).
It is true that the trial court may, upon a proper sworn motion to dismiss under Fla.R.Crim.P. 3.190(c)(4), dismiss an information in advance of trial on the basis that the material, undisputed facts in the cause do not establish a prima facie case of guilt against the defendant. The trial court, however, made no such ruling in the order under review and, indeed, the motion filed below was not, in fact, a (c)(4) motion. See State v. Maycock, 361 So.2d 218 (Fla. 3d DCA 1978).
The order appealed from is reversed and the cause is remanded to the trial court for further proceedings.
Reversed and remanded.