HALL, Judge.
Defendant appeals his conviction and sentence for conspiracy to traffic in cannabis.
Defendant argues that the facts of this case are similar to the facts in the case of State v. Glosson, 462 So.2d 1082 (Fla.1985), contending that the informant was to be paid under a contingent fee arrangement as in Glosson. To the contrary, the record reflects that the informant was to be paid an amount based on the type of transaction and the risk involved, not a percentage of any funds realized from the drug transaction as in Glosson. Moreover, in Glosson, the testimony of the informant was essential for a conviction of the defendant, whereas in this case, the jury could have convicted the defendant without consideration of the testimony of the informant.
We find the facts of this case more consistent with those in Yolman v. State, 473 So.2d 716 (Fla. 2d DCA 1985) and affirm on the authority of Yolman.
The trial court retained jurisdiction over defendant’s sentence pursuant to section 947.16(3), Florida Statutes (1983). The basis of the court’s retention of jurisdiction was the use of a firearm by the defendant. The facts of this case do not justify the determination by the trial judge that the defendant used a firearm in the commission of this felony. See Robinson v. State, 368 So.2d 638 (Fla. 2d DCA 1979). Thus, the trial court erred in retaining jurisdiction over defendant’s sentence.
We find no merit to the other points raised by appellant.
Accordingly, we strike the retention of jurisdiction provision of the defendant’s sentence but affirm the judgment and sentence in all other respects.
GRIMES, A.C.J., and FRANK, J., concur.