498 So.2d 612 (1986)
Errol Henderson MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 86-747.
District Court of Appeal of Florida, Fifth District.
December 4, 1986.
James B. Gibson, Public Defender, and Michael L. O'Neill, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Paula C. Coffman, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Errol Henderson Moore appeals from a judgment of conviction on one count of sale of cocaine and one count of possession of cocaine. He argues only that because a paid confidential informant testified at his trial, State v. Glosson, 462 So.2d 1082 (Fla. 1985) requires that his conviction be reversed. Because we find Glosson distinguishable from the facts in the present case, we affirm the appellant's conviction.
In Glosson, the informant was to receive 10% of all civil forfeitures arising out of successful criminal investigations he completed. He was required to testify in those proceedings in order to receive his contingent *613 fee from the related civil forfeitures and the State stipulated that a successful prosecution depended upon the informant's testimony. The Glosson court concluded that the defendant's due process rights had been violated because "the informant ... had an enormous financial incentive not only to make criminal cases, but to color his testimony or even commit perjury in pursuit of the contingent fee." 462 So.2d at 1085.
Here, the facts are completely different. The undercover informant was paid a salary of $200 a week and $25 for each drug purchase he made. Neither his salary nor the additional $25 payment was contingent upon a successful prosecution, nor was he required to return any money for those drug sales that did not result in convictions. Thus, the informant had no financial incentive to perjure his testimony. Furthermore, the opportunity to fabricate or perjure was not present in this case because the informant was searched before and after the sale, his movements were observed by the police at all times and his conversation with appellant was recorded through the use of a concealed microphone carried by the informant. A tape recording of the conversation between the informant and the appellant which resulted in the sale of cocaine was played for the jury. In these circumstances, we find no merit in the appellant's argument that his due process rights were violated. See also Lee v. State, 490 So.2d 80 (Fla. 1st DCA 1986); Yolman v. State, 473 So.2d 716 (Fla. 2d DCA 1985); State v. Prieto, 479 So.2d 320 (Fla. 3d DCA 1985).
AFFIRMED.
UPCHURCH, C.J., and DAUKSCH, J., concur.