501 So.2d 631 (1986)
STATE of Florida, Appellant,
v.
Don Eugene McQUEEN, et al., Appellees.
Nos. 85-1700 through 85-1707.
District Court of Appeal of Florida, Fifth District.
December 18, 1986.
Rehearings Denied February 3, 1987.
*632 Jim Smith, Atty. Gen., Tallahassee, and Kevin Kitpatrick Carson, Asst. Atty. Gen., Daytona Beach, for appellant.
Fred Haddad, of Sandstrom & Haddad, Fort Lauderdale, for appellee McQueen.
Marc L. Lubet, of Lubet & Woodard, P.A., Orlando, for appellees McGraw and Waldorf.
Alan B. Robinson, Orlando, for appellee Godby.
Kenneth R. Lester, Jr., of Greenberg & Lester, Fern Park, for appellee Petrusa.
DAUKSCH, Judge.
This is an appeal by the state from an order granting appellees' motions to dismiss.
The appellees were previously charged with various offenses under the drug trafficking statute. These charges were instigated as the direct result of a narcotics investigation implemented through the use of a confidential informant, Robert Bennett. Bennett had been previously arrested and charged with trafficking in cocaine and methaqualone. He was found guilty and sentenced to sixty years in prison with a twenty-year mandatory minimum. He also received a $250,000 fine. Although Bennett initially refused to render substantial assistance to the authorities, he experienced a change of heart one and one-half years later after losing his appeal. Bennett instructed his attorney to inform the authorities that he would be willing to cooperate with them if in fact his sentence would be reduced. After several meetings with the authorities, Bennett was released from prison. Although he was not informed at this time as to what his reward would entail, he was informed that his sentence would be reduced if he cooperated.
Before Bennett's release from prison, his attorney provided him with a written *633 agreement to sign. The agreement was not signed by the assistant state attorney. The terms of the agreement provided that Bennett would assist the authorities in arranging seven drug deals with persons who were known to him or who were already in the drug business and predisposed to buy or sell illegal controlled substances. The agreement further specified the quantities of drugs which were to be obtained through the drug deals. Bennett was given 150 days from the date of signing the agreement to complete the agreement. The agreement also provided that substantial assistance was predicated upon productivity only and that attempts, good faith efforts, or intelligence would be meaningless insofar as the providing of substantial assistance was concerned. Upon completion of the terms of the agreement, the agreement provided that the assistant state attorney would recommend to the court that Bennett receive a modified sentence of three years with credit for time previously served, with five years supervised probation.
Bennett's work with the authorities led to the arrest of the five appellees in the instant case, who were charged with various drug trafficking offenses. Because the charges against these individuals were dismissed by the trial court, the state has appealed.
At the hearing on appellees' motions to dismiss, appellees challenged their prosecutions on the basis that the substantial assistance rendered by Bennett was unrelated to the criminal activity for which Bennett had been previously charged and convicted. Appellees have no standing to assert such an argument, as it is not their rights which would be adversely affected by failure to enforce the agreement, but rather those of the informant. Additionally, in addressing this very point, the court in State v. Stella, 454 So.2d 780 (Fla. 4th DCA 1984), stated the following:
No one has a due process right not to be caught for his criminal conduct merely because the person assisting the police is out of prison when properly he should be behind bars.
Id., at 782.
At the hearing on appellees' motions to dismiss, the trial court was urged by appellees to dismiss the charges currently pending on the basis of State v. Glosson, 462 So.2d 1082 (Fla. 1985). In Glosson, there was an agreement between the sheriff's department and the informant whereby the informant would receive 10% of all civil forfeiture proceedings resulting from the criminal investigations initiated and participated in by him. Additionally, the contingency would be paid out of civil forfeitures received by the sheriff. In order to collect the contingent fee, the informant was required to testify and cooperate in criminal prosecutions resulting from his investigations. The state attorney's office was aware of the agreement and even supervised the informant's investigations. After finding that the agreement deprived the respondents of their right to due process, the trial court dismissed the information.
The district court affirmed the trial court's dismissal of the information, holding that "... the respondents had been denied due process because Wilson's contingent arrangement seemed to manufacture, rather than detect, crime." Id., at 1084. The supreme court affirmed the lower court and held that the agreement to pay an informant a contingent fee conditioned on his cooperation and testimony in criminal prosecutions violates constitutional due process.
On appeal, appellees contend that Bennett's inducement in having a seventeen and one-half year reduction in sentence as well as the elimination of a $250,000 fine is clearly analogous to the contingent fee conditioned on cooperation and testimony held to be invalid in Glosson. Glosson, however, is distinguishable from the instant case in more ways than one. In Glosson, the defendants were targeted by *634 law enforcement. The informant had an oral agreement with the sheriff's department, which agreement was carried out under the supervision of the state's attorney. Moreover, the informant's fee was contingent upon his cooperation and testimony in the criminal prosecution. The criminal activity involved a "reverse-sting" operation. The operation was conducted with the use of government controlled cannabis.
Unlike Glosson, however, appellees in the instant case were targeted by the informant rather than by the state. In addition, the operation was not conducted with the use of government controlled contraband. Although the assistant state attorney was involved in the operation, he did not sign the written agreement. Moreover, Bennett was supervised by Metropolitan Bureau of Investigation agents. Finally, Bennett was not to receive a percentage of any forfeitures, proceeds or cash. Although he was required to testify, when necessary, there was no agreement that convictions must result from his testimony. His sole inducement in entering into this agreement was that the assistant state attorney would recommend a reduction of sentence to the judge. The reduction of sentence, however, remained in the discretion of the judge.
Accordingly, the orders of the trial court granting appellees' motions to dismiss are reversed.
REVERSED.
UPCHURCH, C.J., and ORFINGER, J., concur.