PER CURIAM.
Appellants appeal their convictions of various drug offenses involving trafficking, conspiracy to traffic and other drug-related offenses. Appellants pleaded nolo contendere to the information charging the various offenses, but expressly reserved their right to appeal the trial court’s order that denied their motions to dismiss the information on the basis of alleged prosecu-torial misconduct that they allege violated their due process rights. We affirm.
Appellants argue that the facts of their case are similar to the facts in State v. Glosson,462 So.2d 1082 (Fla.1985), in that the contingent fee arrangement with the confidential informant creates such a prejudicial situation that appellants would be unable to receive a fair and unbiased trial to the extent that their due process rights are violated.
We disagree and find that the facts of this case are more similar to Ehmke v. State, 478 So.2d 358 (Fla. 2d DCA 1985), rev. denied, 488 So.2d 67 (Fla.1986) and Yolman v. State, 473 So.2d 716 (Fla. 2d DCA 1985), pet. for rev. denied, 475 So.2d 696 (Fla.1985) than they are to Glosson. It is not evident in this case that the testimony of the confidential informant was a prerequisite for the receipt of any payments which the informant might be entitled to receive. Furthermore, this case did not involve the state attorney in a “reverse-sting” type of narcotics operation.
We affirm.
CAMPBELL, C.J., and LEHAN and PARKER, JJ., concur.