GOSHORN, Judge.
The State appeals the order granting Charles Davis and Larry Murphy’s (appel-lees’) motion to dismiss charges of trafficking in cocaine.[1] Because the trial court erroneously found appellees’ due process rights were violated, we reverse.
Robert Welky was arrested for trafficking in cocaine by Orlando police officer Thomas Foy. Foy then suggested that Welky enter into a substantial assistance agreement with the police whereby Welky would arrange three trafficking cases, each involving an ounce or more of cocaine. In return, Welky was to receive a recommendation of leniency. Welky understood that under the terms of the agreement “the best he could get” depended on the degree of assistance he provided, but could result in a reduction of his sentence from 15 years’ mandatory in the Department of Corrections to 1 year in the county jail and a waiver of the statutory $250,000 fine.
Welky approached Roy Lindsey, a member of a band, whom he knew to be an occasional drug user, about obtaining some cocaine. Unable to arrange a deal, Roy introduced Welky to Charles Davis, another band member. Over the next three to four weeks, Welky contacted Davis frequently. Davis stated numerous times that he could arrange for Welky to purchase a large quantity of cocaine. When Welky first met Davis, Welky told him that he had a partner named “Tom” who held the money and would not relinquish it. “Tom” was, in fact, Officer Tom Foy. Based on “Tom’s” tightfistedness, Davis suggested that “Tom” pose as Welky at the meeting *589 Davis had arranged with Larry Murphy, the cocaine supplier. At this meeting between “Tom,” Davis and Murphy, the money was displayed and Murphy agreed to consummate the drug transaction the next day. Welky was not present. When Davis and Murphy appeared at the appointed time and place with the cocaine they were arrested.
The trial court subsequently granted ap-pellees’ motions to dismiss the charges, citing Hunter v. State, 531 So.2d 239 (Fla. 4th DCA 1988), review pending, Case No. 73,230. In a case similar, but not identical to the case sub judice, the Hunter court found a violation of a defendant’s due process rights as guaranteed by Article I, section 9 of the Florida Constitution, based upon their reading of the supreme court’s decision in State v. Glosson, 462 So.2d 1082 (Fla.1985).
Glosson involved a fee arrangement between a confidential informant and a sheriff’s office. The agreement rewarded the confidential informant with a contingent fee of 10% of all civil forfeiture proceedings resulting from criminal investigations initiated and participated in by him. In return, the confidential informant was obliged to testify and cooperate in those criminal prosecutions resulting from his efforts. In Glosson, the court found that:
[T]he contingent fee arrangement with the informant and vital state witness, Wilson, violated the respondents’ due process right under our state constitution .... The informant here had an enormous financial incentive not only to make criminal cases, but also to color his testimony or even commit perjury in pursuit of the contingent fee.
Id. at 1085.
Therein lies a critical distinction between Glosson and the instant case. Here, the vital state witness is not Welky, but Officer Tom Foy of the Orlando Police Department. It was Foy who met with the appellees, Foy who displayed the money and Foy who went to the meeting with appellees where the cocaine was presented for sale. Welky was not present on either of these occasions. Thus, since Welky’s testimony is not critical to the State’s case, any due process concern that Welky might, perhaps, color his testimony or even commit perjury does not rise to Glosson's level of due process denial.
Likewise, appellees’ reliance upon alleged constitutional infirmities in section 893.135(4), Florida Statutes (1987) is misplaced because appellees lack standing to assert such deficiencies in the substantial assistance statute, since it is not their rights that are affected by the agreement, but rather those of Welky. State v. McQueen, 501 So.2d 631 (Fla. 5th DCA 1986), review denied, 513 So.2d 1062 (Fla.1987).
REVERSED and REMANDED.
DAUKSCH and COWART, JJ., concur.

. § 893.135(1)(b)2, Fla.Stat. (1987).