CORRECTED OPINION
PER CURIAM.
On September 20, 1988 defendants below, Edna Giraldo, Juan Cordova, Juan Byas and Luis Jusino were charged by information with conspiracy to traffic cocaine and trafficking in cocaine in violation of Sections 777.04 and 893.135 Florida Statutes. In January 1989, defendants Cordo-va and Byas filed motions to dismiss alleging that the investigation against them had been instigated and conducted without police supervision, by a confidential informant working for the City of Hialeah Police Department, and done in such an egregious manner as to deprive defendants of their due process rights. In addition the motion alleged that the defendants’ due process rights were also violated under State v. Glosson, 462 So.2d 1082 (Fla.1985), as the confidential- informant was paid on a contingency basis for the information he provided police. On May 10, 1989 defendant Jusino filed a sworn motion to disclose *1207 the informant, seeking an order compelling the state to disclose and produce the informant. At a hearing held the following day, on Thursday May 11th, the trial judge found defendant Jusino’s affidavit filed in support of his motion to disclose made out a prima facie case of entrapment and ordered the confidential informant, Mark Baer, produced for deposition. The trial judge then directed the state to “see if he [Mark Baer] can be produced Monday, Tuesday or Wednesday of next week.”
Later at a hearing on May 26th 1989, Sergeant Venema in charge of controlling confidential informants testified that he did not know the whereabouts of Mark Baer. He also testified the police were not hiding Mr. Baer. Sergeant Venema did however produce Mr. Baer’s last known address. The court then asked the prosecutor what the state had done since the disclosure order was made. The state responded that it had furnished the last known address of Mark Baer. Defense brought it to the court’s attention that it took two weeks for this information to reach their office and othat upon an immediate investigation it was discovered that Mr. Baer had moved from this address only two days prior. Defense counsel for Jusino then informed the court that a motion to dismiss would be forthcoming for the prosecution’s failure to locate and produce Mark Baer. Counsel for Jusino ultimately filed this motion on May 30th. The motion sought to dismiss, not only on the grounds that the state willfully failed to obey the court’s order to produce Mr. Baer, but that the investigation, from the outset, had violated the defendant Jusino’s due process rights under Glosson, supra. At the conclusion of the hearing on this issue, the trial judge granted Jusino’s motion to dismiss and, in addition, instructed defense counsel to prepare an order of dismissal against all defendants. This order was based on Glosson and its progeny as well as the the prosecution’s dilatory furnishing of information regarding the confidential informant, Mark Baer.
The state takes this appeal and urges error in the following particulars. The record does not reflect willful noncompliance with the order to produce the informant, the contingency fee agreement in this case was not contingent upon testimony at trial, and finally, the use of an informant with an unsavory background does not violate the due process rights of the defendants (this is solely a question of a witness’s credibility at trial.)
We reverse upon the following authority: State v. Pautier, 548 So.2d 709 (Fla. 3d DCA 1989); State v. Fernandez, 546 So.2d 791 (Fla. 3d DCA 1989); State v. Saldarriaga, 486 So.2d 683 (Fla. 3d DCA 1986), State v. Eshuk, 347 So.2d 704 (Fla. 3d DCA 1977), and return the matter to the trial court for further proceedings.
Reversed and remanded with directions.