563 So.2d 147 (1990)
STATE of Florida, Appellant,
v.
Deona EMBRY, Appellee.
No. 89-01220.
District Court of Appeal of Florida, Second District.
June 1, 1990.
*148 Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, Bartow, and T. Orin Lee, Asst. Public Defender, Bartow, for appellee.
PER CURIAM.
The state appeals an order granting the appellee's motion to dismiss the prosecution against the appellee for trafficking in cocaine. At issue is whether the state's use of a confidential informant acting under a substantial assistance agreement, who initiated and negotiated the cocaine deal with the appellee, deprived the appellee of his constitutional right to due process of law. We hold, following State v. Glosson, 462 So.2d 1082 (Fla. 1985), and Hunter v. State, 531 So.2d 239 (Fla. 4th DCA 1988), that the appellee was deprived of due process, and we affirm the dismissal of the prosecution.
The state charged the appellee with trafficking in cocaine on November 7, 1988, pursuant to section 893.135, Florida Statutes (1987). On April 14, 1989, the appellee filed a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). The motion alleged the following facts. Frank Gammichia, a confidential informant working for the Tampa Police Department, had entered into a "substantial assistance" agreement with the police department whereby he was to "make cases against two (2) people." For his assistance, the informant was to receive probation instead of imprisonment on drug charges that were pending against him. The informant had never transacted a drug deal with the appellee, and the appellee was not known to law enforcement to be a drug dealer. The informant was successful in convincing the appellee to deliver 116 grams of cocaine to an undercover police officer in Sarasota County.
A non-evidentiary hearing was held on the motion to dismiss. During the hearing, the prosecution stated that the informant had already received the reduced sentence for his charges. The prosecution acknowledged that a prior deposition of the informant indicated that he had met the appellee before and had information that the appellee dealt in drugs outside the state and that the informant had heard from friends that the appellee "does deals" in the Fort Myers area. The informant brought the appellee to the attention of the police. The state indicated that the informant's testimony was not key to the case against the appellee and that the state attorney's office was not involved in the drug transaction. The trial court granted the motion to dismiss, and this timely appeal followed.
In Glosson, the Florida Supreme Court affirmed the dismissal of criminal charges against defendants because government misconduct violated their rights to constitutional due process under article I, section 9 of the Florida Constitution. The informant in Glosson was paid a fee, contingent on his cooperation and testimony in criminal prosecutions. The Hunter court relied on Glosson to discharge the defendants where an informant received a reduced prison sentence in return for setting up drug deals and testifying for the prosecution.
*149 Based on the decision in Hunter, the trial court was correct in dismissing the charges against the appellant when, "[i]n essence, a convicted cocaine trafficker was allowed to secure his own freedom by convincing someone else to traffic in cocaine." Hunter, 531 So.2d at 242-243. The Hunter court certified the following question to the Florida Supreme Court as one of great public importance:
DOES AN AGREEMENT WHEREBY A CONVICTED DRUG TRAFFICKER WILL RECEIVE A SUBSTANTIALLY REDUCED SENTENCE IN EXCHANGE FOR SETTING UP NEW DRUG DEALS AND TESTIFYING FOR THE STATE VIOLATE THE HOLDING IN STATE V. GLOSSON?

Hunter, 531 So.2d at 243. This court in State v. Evans, 537 So.2d 639 (Fla. 2d DCA 1988), followed Hunter and certified to the Florida Supreme Court the same questions that the Hunter court certified.[1]
In both Hunter and this case, a convicted cocaine trafficker entered into a substantial assistance agreement in order to reduce his sentence. The informant in Hunter had an agreement that required him to make new cases involving a specified amount of cocaine within a specified time period. The informant did not meet his quota before the time ran out, and the circuit judge authorized an extension of time for the informant to bring in one more kilo of cocaine. Similarly, the informant in this case had an agreement to make cases against two targeted people. He was unsuccessful and told the police that he would try to make a deal with the appellee instead. Like Hunter, the informant here instigated and handled all negotiations with the appellee. In both cases the targets sold cocaine to undercover agents who were working with the informants. The defendants were not known to law enforcement as drug traffickers in either case.
In Hunter, the informant was the prosecution's key witness, and the state conceded that the informant's testimony was the only evidence to rebut the entrapment defense. In the present case, the state asserted that the informant would be a witness, but contended that he would not be key to the prosecution because the appellee sold cocaine to an undercover officer who could testify for the state. The informant's testimony, however, just as in Hunter, would be necessary to rebut the appellee's entrapment defense. The state argued that the informant did not have the incentive to commit perjury at the appellee's trial because the informant had already received the reduced sentence of probation. This distinction does not change the following reasoning in Hunter:
[W]e believe the action of law enforcement officials here, where the informant was authorized to create new criminal activity in order to secure his freedom, rather than merely assist in apprehending those who had already participated in a crime, crossed the line drawn by Glosson wherein the informant was paid "to manufacture, rather than detect, crime."
Hunter, 531 So.2d at 243 (quoting Glosson, 462 So.2d at 1084). The gravamen of our concern is that the informant manufactured crime to receive a reduced sentence of probation. In the present case, the informant was unsupervised. He initiated and handled all negotiations leading up to the cocaine sale. See, State v. Anders, 288 So.2d 560, (Fla. 4th DCA 1990) (Glosson "forbids prosecutions predicated upon improper contingent fee arrangements with unsupervised informants.").
Although the substantial assistance statute has been enlarged by a 1987 amendment to allow substantial assistance for the prosecution "of any other person engaged in trafficking in controlled substances," the legislature cannot authorize an informant to manufacture crime. § 893.135(5), Fla. Stat. (1987); See, Art. I, § 9, Fla. Const.; Glosson, 462 So.2d at 1085 ("[G]overnmental misconduct which violates the constitutional due process right of a defendant, regardless of that defendant's predisposition, *150 requires the dismissal of criminal charges.").
Accordingly, we affirm the dismissal of the charges against the appellee, but certify to the Florida Supreme Court as a question of great public importance the same question certified in Hunter, as quoted above.
FRANK, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.
NOTES
[1] Hunter and Evans also certified a question, which is not relevant to the present appeal, regarding the effect of the due process violation on codefendants.