DAUKSCH, Judge.
This is an appeal from a conviction for trafficking in cocaine over twenty-eight grams. Appellant initially asserts that the trial court erred in denying his motion for a judgment of acquittal. Next, he says that the trial court erred in refusing a requested instruction on entrapment. Finally, he says that the trial court erred in denying his motion to dismiss on the grounds that the informant was paid a contingency fee based on the amount of drugs obtained. Because we find appellant’s arguments to be without merit, we affirm.
David Butler, who was on probation and addicted to cocaine, called the Orlando Police Department and said that he knew drug dealers and agreed to set up a purchase of cocaine.
On August 3, 1988, Butler, wearing a body bug, told appellant he had obtained $25,000 as an inheritance and wished to purchase cocaine with it. Appellant called codefendant Jerald Feldt to arrange the purchase. Butler and appellant drove to the parking lot of Once Upon a Stage Dinner Theater at the intersection of Edge-water and Par in Orlando. Upon arriving at the parking lot, appellant made a phone call and upon his return told Butler Jerry Feldt was on his way. Appellant told Butler it would be easier to purchase a couple of ounces first, and if that was satisfactory, then they could go through with purchasing the remainder of the pound of cocaine Butler requested.
A short time later Feldt arrived and parked next to Butler’s car. Appellant walked over to Feldt’s car and motioned for Butler to come over. Butler sat in the front seat as Feldt revealed two ounces of cocaine. Butler examined the drugs then walked to the trunk of his car to get what he said was the money for payment. Butler called over a body bug to the police, waiting nearby, to make the arrests. Appellant, Feldt, and Butler were arrested. Butler received payment of $70-to-$100 for his efforts.
Appellant was charged with Count I, trafficking in cocaine over twenty-eight grams and Count II, possession of drug paraphernalia.
Appellant filed motions to dismiss both counts and an evidentiary hearing was held on the motions. The state did not contest appellant’s motion to dismiss as to Count II and the motion was granted but the trial court denied appellant’s motion as to Count I. Carter Bowman, who worked with the street drug unit at Orlando Police Department, testified at the evidentiary hearing that Bowman and his sergeant met with *910 Butler at which time Butler gave them a list of three or four people involved in drug trafficking. Butler was told that he would receive $20 for arranging a simple controlled buy, a bonus if a substantial amount of drugs was seized and an arrest made. Butler would receive more money if the amount of drugs involved was a trafficking amount, but the fee was not contingent upon the state obtaining one or more convictions or upon Butler testifying. As a result of Butler’s work, appellant and code-fendant Feldt were arrested. Following the arrest, Butler was paid between $70 and $100 and his fee was specifically based upon the quantity of drugs seized. At Butler’s request, Bowman notified Butler’s probation officer of Butler’s assistance, because Butler wanted to move out of the state.
The case was presented to a jury and Butler testified that he received no guarantees for his assistance and that he was told it was possible that the more cocaine obtained, the more he would be paid. Butler testified that he was paid “seventy, maybe a hundred dollars.”
At trial Bowman testified that any time the street drug unit was dealing with drug deals in amounts more than $30 or $40, “we find it almost impossible to make contact with the persons dealing drugs without the assistance of a confidential informant.” Bowman testified that he watched in a full-sized van with monitoring equipment in the Once Upon A Stage parking lot as the transaction took place on August 3, 1988. Bowman identified a photograph he took of the two plastic bags of cocaine taken from the front seat of codefendant Feldt’s car. Both Butler and Bowman testified that Butler was to be paid more based on the amount of cocaine seized and Butler said he was given no other incentive to assist or inform.
Codefendant Feldt testified he had been appellant’s roommate and had used drugs with both Butler and appellant, and that the drugs in the car were not his.
Appellant first argues that the trial court erred in denying his motion for a judgment of acquittal. We disagree. When moving for a judgment of acquittal “[t]he defendant movant, for the purposes of such motion, admits all facts adduced in evidence and every conclusion favorable to the state.” Ramos v. State, 505 So.2d 418, 420 (Fla.1987).
Appellant moved for a judgment of acquittal below upon the ground that
There was no evidence that [appellant] had in possession any cocaine, which would enable him to make any transactions, do any deals, transfer money, transfer cocaine.
The evidence is clear that appellant contacted Feldt, who brought the cocaine at appellant’s request. He approached Feldt and motioned Butler over to Feldt’s car. He stood by the outside of the car when Feldt revealed the cocaine to Butler. This evidence was sufficient to establish that appellant was a principal with Feldt in the commission of the crime. Poitier v. State, 525 So.2d 472 (Fla. 5th DCA 1988). Appellant was not merely near the cocaine, he had arranged for its transport to the location, so the jury could readily infer the appellant was guilty as a principal with Feldt in the delivery and possession of cocaine.
Appellant says the trial court erred in refusing a requested instruction on entrapment because evidence was adduced at trial to require the instruction. We have difficulty hearing appellant on this issue.
An “appellant may not complain of the very situation he created at trial.” Herrera v. State, 532 So.2d 54, 56 (Fla. 3d DCA 1988). Appellant filed a motion in limine seeking to prohibit the state from introducing any evidence regarding previous drug sales by the appellant to Butler and the motion was granted. As a result of the court granting this motion the state was prohibited from introducing evidence that the defendant was ready and willing to commit the crime. Then, having successfully precluded the introduction of contrary evidence, appellant sought to raise an entrapment defense. He cannot have it both ways.
*911 Finally, appellant argues that the trial court erred in denying his motion to dismiss on the grounds that the informant was paid a contingency fee. He says Butler had a great incentive to create the crime because he was on probation at the time he agreed to arrange the purchase, he was paid to purchase, enough cocaine for a trafficking conviction and his testimony was essential at the trial below.
In moving to dismiss the charges against him, appellant relied upon State v. Glosson, 462 So.2d 1082 (Fla.1985) and Hunter v. State, 531 So.2d 239 (Fla. 4th DCA 1988). In Glosson, the supreme court held that a 10% contingency fee arrangement between a confidential informant and the sheriff whereby the informant would receive 10% out of all civil forfeitures arising out of successful criminal investigations violated the defendant’s due process rights. Because payment of the Cl’s fee was specifically conditioned upon his testimony and cooperation in prosecution of the ease, the supreme court found that the Cl “had an enormous financial incentive not only to make criminal cases, but also to color his testimony or even commit perjury in pursuit of the contingent fee.” 462 So.2d at 1085. Thus the supreme court held
a trial court may properly dismiss criminal charges for constitutional due process violations in cases where an informant stands to gain a contingent fee conditioned on cooperation and testimony in the criminal prosecution when that testimony is critical to a successful prosecution.
Id. In Hunter, the court, relying on Glosson, discharged the appellant after he was convicted of trafficking in cocaine and conspiracy. The court found that the Cl in Hunter had “much more” of an incentive to manufacture criminal activity as his agreement with the state and the trial court required him to make new cases involving a specified amount of cocaine within a certain time period in order to receive a reduced sentence. The court found that the Cl’s interest in securing his own freedom defeated the purpose of the substantial assistance statute by encouraging him to convince another person to traffic in cocaine. “In essence, a convicted cocaine trafficker was allowed to secure his own freedom by convincing someone else to traffic in cocaine.” 531 So.2d at 242-243.
Appellant argues on appeal that under Glosson, the trial court should have dismissed the charges against him. We disagree. In State v. Fernandez, 546 So.2d 791 (Fla. 3d DCA 1989), the court approved a “cash for weight” agreement where the amount of the Cl’s fee was based upon the amount of drugs involved. The court held that such an arrangement violated neither Glosson nor constitutional due. process:
In today’s atmosphere of creative law enforcement it has become necessary to use permissible financial incentives to ferret out those who would be drawn to the siren-like allure of drug trafficking and easy money. This case presents a proper and logical outflow of a means to catch the largest drug traffickers — bigger pay for bigger deals.
546 So.2d at 793.
We find that Glosson does not control the instant case. State v. McQueen, 501 So.2d 631 (Fla. 5th DCA 1986), rev. den., 513 So.2d 1061 (Fla.1987); Moore v. State, 498 So.2d 612 (Fla. 5th DCA 1986). Since Butler’s fee was not contingent upon obtaining a conviction or upon his testifying at trial, that fee arrangement did not violate appellant’s due process rights as discussed in Glosson.
AFFIRMED.
COBB and HARRIS, JJ., concur.