POLEN, Judge.
The state appeals from the trial court’s order dismissing the charges against appel-lees. We reverse.
A “reverse sting” operation resulted in charges against appellees Bergeron and Kirk for conspiracy to traffic in cannabis and trafficking in cannabis. Appellees filed a motion to dismiss the charges, relying upon State v. Glosson, 462 So.2d 1082 (FIa.1985); State v. Anders, 560 So.2d 288, 290 (Fla. 4th DCA 1990); and Hunter v. State, 531 So.2d 239 (Fla. 4th DCA 1988) [Hunter I].
At the hearing held on appellees’ motion, it was revealed that a confidential informant, Jose Collazo, pursuant to a “substantial assistance” plea agreement, had pled guilty to an eight (8) count indictment, with a maximum possible sentence of 240 years incarceration. In exchange for Collazo’s substantial assistance, the state moved to reduce Collazo’s minimum mandatory sentence.
As part of Collazo’s substantial assistance, he was instructed to contact appellee Bergeron and arrange a meeting between Bergeron and Detective Knight of the Bro-ward Sheriff’s Office, who would be posing as a drug dealer. Knight testified that Collazo, Bergeron, and a third party were all targets of an ongoing investigation named “Operation Cowboy.” When Knight eventually met with Bergeron and appellee Kirk, Knight negotiated with the two for the storage of 1,200 pounds of *463 marijuana on Bergeron’s property for a one-week period, for which Knight would pay $30,000.00.
The deal took place shortly after Knight’s first meeting with Bergeron and Kirk. Collazo and Knight escorted a motor home containing 1,085 pounds of marijuana onto Bergeron’s nursery property. Although the deal initially called for Berger-on and Kirk to only store the drugs, the two became interested in purchasing the drugs for distribution, and ultimately supplied a partial payment for the drugs. After the partial payment was made, the motor home was unloaded. Bergeron and Kirk were arrested and charged.
The trial court dismissed the charges, pursuant to Glosson and Hunter I. Subsequent to the trial court’s ruling, this court’s opinion in Hunter I was quashed in State v. Hunter, 586 So.2d 319 (Fla.1991) [Hunter II]. Hunter II provided that the narrow holding of Glosson supported the use of the due process defense only when an informant is given a direct financial stake in a successful criminal prosecution and that informant is required to testify in order to produce the prosecution. Hunter II, 586 So.2d at 319. The court went on to apply an objective entrapment analysis pursuant to Cruz v. State, 465 So.2d 516 (Fla.1985): “[entrapment has not occurred as a matter of law where police activity (1) has as its end the interruption of a specific ongoing criminal activity; and (2) utilizes means reasonably tailored to apprehend those involved in the ongoing criminal activity.” Id. at 522. We note that at the time of the trial court’s action in the instant case, this court’s decision in Hunter I was controlling precedent and the trial court could not have foreseen the supreme court’s subsequent action. However, it is now apparent that the Cruz test should be applied in the instant case.
Therefore, we remand for a further evi-dentiary hearing and application of the Cruz test. The focus of the previous inquiry is such that the record before us is insufficient for an adequate application of the Cruz test by this court. Questions remain concerning whether the police activity involved here sought to interrupt a specific ongoing criminal activity. While Col-lazo testified that he had not recently known Bergeron to be “bringing in loads,” there was conflicting testimony from Knight that Bergeron was one of the targets of “Operation Cowboy.” We recognize that under the Cruz test, even if the trial court should find that the activity here was intended to interrupt ongoing criminal activity, the trial court may ultimately reach the same result and dismiss the charges, if it should determine that unreasonable means were utilized to apprehend appellees. That option is available to the trial court.
REVERSED and REMANDED.
DOWNEY and ANSTEAD, JJ., concur.