597 So.2d 813 (1992)
STATE of Florida, Appellant,
v.
Mark D. EVANS and Vernon Messier, Appellees.
No. 88-00536.
District Court of Appeal of Florida, Second District.
February 5, 1992.
Rehearing Denied March 12, 1992.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David R. Gemmer, Asst. Atty. Gen., Tampa, for appellant.
Stuart C. Markman and D. Frank Winkles, Winkles, Trombley, Kynes & Markman, P.A., Tampa, for appellee Mark D. Evans.
James Marion Moorman, Public Defender, Bartow, and Andrea Steffen, Asst. Public Defender, Bartow, for appellee Vernon Messier.
THREADGILL, Judge.
This case comes to us from the Florida Supreme Court on remand for reconsideration in light of its ruling on questions certified as being of great public importance. State v. Evans, 588 So.2d 975 (Fla. 1991). We affirm.
The state appealed an order dismissing charges against the appellees based on the defense of entrapment as defined in Cruz v. State, 465 So.2d 516 (Fla.), cert. den., Florida v. Cruz, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985). We affirmed the order on the authority of Hunter v. State, 531 So.2d 239 (Fla. 4th DCA 1988) (Hunter I) and certified the following questions to the supreme court:

Does an agreement whereby a convicted drug trafficker will receive a substantially reduced sentence in exchange for setting up new drug deals and testifying for the state violate the holding in State v. Glosson?

Assuming the existence of a due process violation under Glosson, does Glosson's holding extend to a codefendant who was not the direct target of the government's agent?
The supreme court answered these questions with a qualified negative in State v. Hunter, 586 So.2d 319 (Fla. 1991) (Hunter II) and remanded this case for our reconsideration in light of that ruling. Evans, 588 So.2d at 975.
State v. Glosson, 462 So.2d 1082 (Fla. 1985) holds that it is a violation of due process for police to hire a confidential informant on a contingency fee basis conditioned on his making criminal cases and providing crucial testimony at trial. Hunter I had applied Glosson to reverse a jury verdict where the informant was induced to work for police by the promise of a reduction or suspension of his sentence, not by the payment of a fee. The critical distinction, however, between the two cases is that the agreement in Hunter was not conditioned on the furnishing of crucial testimony at the criminal prosecution. Hunter I was reversed based on this distinction, the supreme court noting that Glosson is fact specific. Hunter II, 586 So.2d at 321. *814 The fact that the informant in Hunter and in this case was induced to enter into an agreement with the state by the promise of a reduced sentence instead of by financial gain does not appear to be critical to a determination of a due process violation. As the supreme court stated in Hunter II:
[a]n agreement giving someone a direct financial stake in a successful criminal prosecution and requiring the person to testify in order to produce a successful prosecution is so fraught with the danger of corrupting the criminal justice system through perjured testimony that it cannot be tolerated... .
Gaining or preserving one's liberty could produce as great an interest in the outcome of a criminal prosecution as a financial interest, ...
Id.
Although the agreement in this case was conditioned on trial testimony, it does not appear from the record that it was also conditioned on a conviction, which appears to be a pivotal fact in the Glosson decision. Implicit in Hunter II is the rationale that the risk of perjured testimony is greater if the informant must obtain a conviction if he is to benefit from his bargain with the state. Id.
Nevertheless, we once again affirm the case before us. Even if Glosson is not applicable here, the defense of entrapment has been established under the objective test set forth in Cruz: "Entrapment has not occurred as a matter of law where police activity (1) has as its end the interruption of a specific ongoing criminal activity; and (2) utilizes means reasonably tailored to apprehend those involved in the ongoing criminal activity." 465 So.2d at 522. Based on the facts in this case, the appellees succeeded in establishing entrapment as a matter of law.
The informant entered into a cooperation agreement before she knew of the appellees' involvement with drugs. Neither she nor the detective working with her had ever heard of the appellees before her boyfriend suggested she approach Evans. Because the appellees were not targeted suspects in a specific ongoing criminal prosecution, the first part of the Cruz test for entrapment is satisfied.
It is less clear under Hunter II whether the appellees have met the second part of the Cruz test. Conditioning an informant's liberty on making a criminal case and testifying at trial may offend substantive due process, but under Hunter II it does not alone appear to constitute a violation. See 586 So.2d at 322. Nevertheless, because the state has failed to meet the first part of the Cruz test, the defense of entrapment has been established as a matter of law. Id.
Affirmed.
LEHAN, A.C.J., and HALL, J., concur.