POLEN, Judge,
dissenting.
Our original decision in this case, State v. Cerrito, 578 So.2d 61 (Fla. 4th DCA 1991), affirmed the trial court’s order of dismissal. On remand from the supreme court quashing our decision, the majority has decided to reverse based on the recent decision in State v. Hunter, 586 So.2d 319 (Fla.1991). In Hunter the supreme court reaffirmed the two-prong test from Cruz v. State, 465 So.2d 516 (Fla.), cert. denied, 473 U.S. 905,105 S.Ct. 3527, 87 L.Ed.2d 652 (1985), on entrapment as a matter of law.
The test from Cruz is designed to protect the defendant’s due process rights by focusing on police conduct. 586 So.2d at 322. When an admitted felon acting as an informant is let loose on the street, motivated by a contingent fee in the form of cash[1] or a reduced sentence as in the case at bar, and no specific ongoing criminal activity is targeted by the police, then there is clearly the danger of entrapment. See Hunter, 586 So.2d at 322, and Cruz, 465 So.2d at 522.
The trial court found that there was no evidence of the appellant Cerrito ever dealing with or handling cocaine. The appellant Cerrito had only, several years in the past, exchanged small amounts of marijuana. There was no evidence whatsoever that the appellant Cerrito had ever contacted the suppliers of cocaine prior to the occurrence which led to his arrest and ultimately, this appeal.
Under the circumstances I think that the trial court correctly dismissed the case against the appellant Cerrito, and I would affirm the order of dismissal under State v. Glosson, 462 So.2d 1082 (Fla.1985), Hunter, and Cruz. While I believe that the case should be dismissed against the appellant Cerrito, the evidence seems to show that the appellants Copa and Blanco were the actual dealers of the cocaine. I would reverse the order of dismissal as to them. It may be that Copa and Blanco were engaged in the specific ongoing criminal activity which was the subject of the police activity in this case. This, in my view, *248 should be discovered in the due course of further proceedings.
Finally, I want to say that my disparate treatment of the individual appellants in this case seems to be specifically condoned by the Supreme Court of Florida. See Hunter, 586 So.2d at 322. For the foregoing reasons, I respectfully dissent.

. The state argued that no cash was promised to the informant but the evidence showed that he was paid $800 by Crime Stoppers for his assistance in the present case.