PER CURIAM.
The trial court dismissed the information against appellant after our decision in State v. Anders, 560 So.2d 288 (Fla. 4th DCA 1990), but prior to the supreme court’s subsequent decision in State v. Hunter, 586 So.2d 319 (FIa.1991). We reverse and remand.
Recognizing that our decision was only that of an intermediate appellate court, the trial court said in its order of dismissal:
This Court’s ruling is expressly contingent upon the continued viability of the principal [sic] of “vicarious” due process protection expressed in Anders, and if a controlling appellate court definitively limits this protection to direct targets only, this Court’s ruling should be reversed.
As the state correctly contends, the Florida Supreme Court recently held in Hunter that when a middleman, not a state agent, induces another person to engage in a crime, entrapment is not available as a defense. Therefore, appellee is precluded from raising the defense of entrapment absent any direct contact with the state’s informant. Criminal defendants cannot raise due process violations allegedly suffered by third parties. Hunter, 586 So.2d at 322. Based upon its holding in Hunter, the supreme court reversed this court’s, implicit holding in Anders that the existence of a due process violation extends to a codefendant who was not the direct target of the government’s agent. State v. Anders, 587 So.2d 455 (Fla.1991), on remand, 596 So.2d 463 (Fla. 4th DCA 1992).
Appellee maintains that the concerns in State v. Glosson, 462 So.2d 1082 (Fla.1985), i.e., protection of the court system from corruption by the use of perjured testimony, are also present here and support the trial court’s dismissal of the charges against him. However, in Hunter the supreme court clearly indicated that Glosson was very fact-specific and is limited to agreements giving someone a direct financial stake in a successful criminal prosecution and requiring the person to testify in order to produce a successful prosecution. Hunter, 586 So.2d at 321. The instant case does not involve any financial stake in a criminal prosecution.
Assuming, arguendo, that Glosson is not controlling, appellee contends that this ease should be remanded to the trial court for further fact-finding. Appellee argues that because the controlling cases at the time the motion was heard did not require proof of contacts between the informant and a person in his position, no real evidence was developed on that issue. As compelling as this argument may be, the trial court’s order directly belies this assertion. The court specifically found that there was no evidence that appellee had any direct contact with the state’s informant and that its ruling was “expressly contingent upon the continued viability of the principal [sic] of ‘vicarious’ due process protection expressed in Anders ...” The court noted that if a controlling appellate court, i.e., the Florida Supreme Court, definitively limits the due process protections to direct targets only, its ruling should be reversed. This is precisely what occurred.
GLICKSTEIN, C.J., GUNTHER, J., and WALDEN, JAMES H., Senior Judge, concur.