W. SHARP, Judge.
Dunbar pled no contest to three counts of unlawful sale and delivery of a controlled substance, after reserving his right to appeal the denial of his motion to dismiss. His argument on appeal is that the trial court should have dismissed the charges because Dunbar sold the drugs to a confidential inf or-, mant who was paid money in exchange for his testimony and this amounted to a de facto contingency fee which violated Dunbar’s due process rights.[1]
The record does not establish that the confidential informant had any financial stake in the outcome of the case or that he had to testify in a certain manner. At best, he simply was required to testify in this case. See 1994); State v. Hunter, 586 So.2d 319 (Fla.1991); State v. Evans, 597 So.2d 813 (Fla. 2d DCA), rev. denied, 601 So.2d 553 (Fla.1992); State v. McQueen, 501 So.2d 631 (Fla. 5th DCA 1986), rev. denied, 513 So.2d 1062 (Fla.1987).
AFFIRMED.
HARRIS, C.J., and COBB, J., concur.

. State v. Glosson, 462 So.2d 1082 (Fla.1985); Moreland v. State, 634 So.2d 639 (Fla. 5th DCA 1994); Hittle v. State, 636 So.2d 599 (Fla. 5th DCA 1994).