GRIFFIN, J.
 

 Edgar Ivan Gil [“Gil”] appeals his convictions and sentences for trafficking in cocaine, conspiracy to traffic in cocaine, unlawful use of a two-way communication device, and resisting a law enforcement officer without violence. On appeal, Gil argues that the trial court erred by denying his motion to dismiss the information. He contends that law enforcement officer William Powell’s [“Officer Powell”] act of notarizing two affidavits that had been signed by a confidential informant using a fictitious name, amounted to a violation of his due process rights, justifying dismissal of the prosecution.
 

 The trial court conducted a hearing on Gil’s motion to dismiss, during which it heard testimony from Officer Powell. Officer Powell testified that he was a narcotics agent in the Orlando Police Department’s Metropolitan Bureau of Investigation [“MBI”] and that he became involved in an investigation of Gil and Jose Pereda [“Pereda”] as a result of information provided by a confidential informant named Stephen Bator. He testified that
 
 *927
 
 both Gil and Pereda were arrested after he and the confidential informant made an “undercover purchase of trafficking amounts of cocaine” from Gil and Pereda.
 

 Officer Powell testified that Stephen Bator had entered into a substantial assistance agreement and had chosen the pseudonym, Shaun Alexander, which was reflected on a MBI Source Profile Sheet. When asked about the MBI Source Profile Sheet, Officer Powell explained:
 

 When I was — get a subject that signs up for substantial agreement, it’s usually a person that’s trying to right a wrong. He — he—he was a drug trafficker, he did wrong and now he’s trying to come over and make up for his wrongs. We sign him up as a confidential informant. The form that he signs usually stays with MBI. It has his name, his address, other pertinent information that — that we would like to keep protected.
 

 On the second page we will have him sign his real signature. Under that is a pseudo signature that we will try to use to protect his identity until ordered to bring his real identity — when we get an individual, he usually has 60 days to complete his substantial assistance agreement. If in the first week we go out and the confidential informant makes a case, usually these cases he is doing is with a small circle that he’s dealt with in the past.
 

 What we’re trying to do for obvious reasons is keep his name from getting out there as being a confidential informant right off the bat. If so, it — it will compromise not only his ability to make future cases, it will compromise his safety and also my safety, because a lot of times I will go undercover with him. And if the word gets out that this individual is working as a confidential informant, it will put us in jeopardy. So therefore we — with this sheet, we will have him sign his correct name and then under that, his pseudo name that he will use for a signature on his statement.
 

 When asked whether there was “any intent to defraud or cheat people or any evil motive associated with [his] work on [the handwritten] document that [was] signed Shaun Alexander,” Officer Powell answered:
 

 There was not, sir. It was just — as I explained in the very beginning, we did not want his name out there. This is public record immediately, so with a pseudo — with a pseudo name on there, the confidential informant’s name does not get out onto the street as working with the police until hopefully 60 days after his — once his contract is up within 60 days.
 

 Finally, when asked “what should have been [done] to clarify that Shaun Alexander was a pseudo signature as opposed to a real signature,” Officer Powell responded: “What’s being done now, is again in big block letters, off to the side — off to the side of the signature I will put alias, highlight that, so there’s no misunderstanding.”
 

 The trial court entered an order denying Gil’s motion to dismiss the information, stating in pertinent part:
 

 [D]efense counsel argues [] the case should be dismissed because of the outrageous conduct of law enforcement. Having given this matter much thought, the court respectfully disagrees. Law enforcement’s efforts in this matter, however misdirected, were based upon an effort to conceal the identity of the confidential informant. This is both for future use of the same informant, as well as for a legitimate concern about the safety of the confidential informant. While I share counsel’s concern that this practice should not be continued, it does not fall into the category of conduct which is so outrageous that it violates the core sense of fairness and justice.
 
 *928
 

 See State v. Williams,
 
 623 So.2d 462 (Fla.1993).
 

 Gil then entered pleas of
 
 nolo contendere
 
 as charged, reserving the right to appeal this issue.
 

 On appeal, Gil relies upon
 
 State v. Williams,
 
 623 So.2d 462 (Fla.1993) and
 
 State v. Glosson,
 
 462 So.2d 1082 (Fla.1985). In each of these cases, the Florida Supreme Court found that law enforcement’s conduct violated the defendant’s right to due process. In
 
 Williams,
 
 law enforcement had manufactured crack cocaine in order to use it in a reverse-sting operation; and in
 
 Glosson,
 
 law enforcement had entered into a contingency fee arrangement with a confidential informant wherein the confidential informant “had to testify and cooperate in criminal prosecutions in order to receive his contingent fee from the connected civil forfeitures.”
 
 Williams,
 
 623 So.2d at 467;
 
 Glosson,
 
 462 So.2d at 1085. Here, Officer Powell’s conduct in the prosecution
 
 of Gil
 
 does
 
 not rise
 
 to that same level and does not cause offense to a court’s sense of justice or fairness. See Williams, 623 So.2d at 467. During the hearing on Gil’s motion to dismiss, Officer Powell testified that (1) use of the pseudonym was for purposes of protection, (2) he erred but did not intend to commit a fraud when he notarized the two affidavits, (3) he disclosed the actual name of the confidential informant during his deposition, and (4) he learned from his mistake and now includes the term “alias” on an affidavit when a confidential informant signs using a pseudonym.
 

 We find no error in the trial court’s denial of Gil’s motion to dismiss.
 

 AFFIRMED.
 

 TORPY and LAWSON, JJ., concur.