DOWNEY, Judge.
The State seeks reversal of an order dismissing an information pursuant to a motion to dismiss based upon Florida Rule of Criminal Procedure 3.190(c)(4).
Appellee, Dale Radandt, was charged with unlawful possession of cannabis in excess of 20 grams. In due course he filed a sworn motion to dismiss, in which it was stated that there were no material disputed facts and that the undisputed facts did not establish a prima facie case against him. The motion further stated that appellee: was a passenger in an automobile with a codefendant, Kelly; did not know of the presence of any drug and in particular of any quantity of marijuana; and did not have any drugs in his possession nor could he have exercised any control over any drugs in the automobile.
The. State filed a sworn traverse denying there were no material disputed facts or that the undisputed facts failed to establish a prima facie case against appellee. The traverse also stated that the State intended to prove that appellee was a passenger in Kelly’s car and that Kelly had been arrested for DUI. The traverse also asserted the following things: marijuana was found on the floor of the front seat near the driver’s side of the car and Kelly told the arresting officer that he had just smoked some of the marijuana; appellee was on the passenger’s side of the front seat and directly in front of him were a folded towel and a bag of marijuana; and appellee’s eyes were glassy and his pupils dilated. Finally, the traverse asserted that the State intended to prove that appellee “was aware of the presence of marijuana in the vehicle[;] he was in fact in possession of said marijuana, and that he could, at any time have exercised control over the marijuana.”
*666 A hearing was held at which some testimony of the arresting officer was taken. That testimony did not deny or repudiate the allegations of the traverse. However, the trial judge ruled that the traverse was insufficient and granted the motion to dismiss.
The cases are almost legion which hold that when the State files a sworn traverse denying material facts alleged in the motion to dismiss, the motion must be denied. See, e.g., State v. Williams, 400 So.2d 1326 (Fla. 4th DCA 1981); State v. Fort, 380 So.2d 534 (Fla. 5th DCA 1980). Denial of a motion to dismiss under these circumstances has been characterized as automatic. State v. J. T. S., 373 So.2d 418 (Fla. 2d DCA 1979). Appellee’s motion to dismiss and the State’s traverse in this case demonstrated there was an issue of fact involved as to whether appellee had possession, actual or constructive, of the marijuana involved; and thus it was error to grant the motion to dismiss.
Accordingly, the order appealed from is reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED with directions.
LETTS, C. J., and BERANEK, J., concur.