464 So.2d 1245 (1985)
STATE of Florida, Appellant,
v.
Daryl Omer WISE, Appellee.
No. AY-495.
District Court of Appeal of Florida, First District.
February 18, 1985.
Rehearing Denied March 26, 1985.
Jim Smith, Atty. Gen., and Gregory C. Smith, Asst. Atty. Gen., Tallahassee, for appellant.
Michael E. Allen, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellee.
SHIVERS, Judge.
Appellant, State of Florida, appeals an order of the trial court dismissing Count II of a two-count information filed against appellee/defendant. We agree with appellant that the trial court erred in dismissing the count, and reverse.
The undisputed facts of the case show that appellee was introduced to Louis Acevedo on November 30, 1983. Acevedo was an undercover agent for the Narcotics and *1246 Organized Crime Unit (NOCU) and played the role of a South Florida cocaine supplier. All conversations between defendant and Acevedo were electronically recorded either by body bug or telephone tap. During their meeting on November 30, 1983, Acevedo and defendant discussed defendant's purchase of two ounces of cocaine. Defendant represented that he was willing to pay $1,300 per ounce. Acevedo replied that he could sell for no less than $2,000 per ounce. During the discussion, defendant showed Acevedo a roll of U.S. currency which defendant claimed to be $4,000. The money did not change hands and the quantity was not verified. Defendant stated, "At $2,000 I'm not interested in it." Acevedo responded that he "might give it to (him) at a lesser" but he first needed to "call his cousin." Defendant then stated, "I'm not promising nothing. I'm not promising nothing. If something comes up and you do me some good and you do me right, I'll do it right here."
The meeting ended with the agreement that defendant was to wait at a Gainesville restaurant while Acevedo checked with his "cousin." Approximately one hour later, Acevedo telephoned defendant at the restaurant and related that "he (cousin) don't want to go for it." Defendant replied, "That's cool" and hung up. No further contact or conversation occurred between defendant and Acevedo. A warrant to search defendant's house was later obtained by NOCU and, during the search, a roll of currency amounting to $4,011 was found beneath a mattress in defendant's bedroom.
Appellee/defendant was charged by Amended Information with possession of less than 20 grams of cannabis (Count I) and attempted trafficking in cocaine (Count II). Appellee filed a motion to dismiss Count II pursuant to Rule 3.190(c)(4), Fla. R.Crim.P. Appellant then filed a demurrer in which it argued that the facts presented a prima facie case of guilt against appellee. Although the State recounted the facts in its demurrer and argued a different interpretation of those facts than did appellee, the State did not file a traverse nor did it assert that any facts were in dispute. We agree with appellant that the undisputed facts present a prima facie case of guilt against the defendant, for the offense of trafficking in cocaine.
Defendant was charged, under Count II, pursuant to section 777.04(1) (Attempt) and section 893.135(1)(b):
Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine as described in s. 893.03(2)(a)4. or of any mixture containing cocaine is guilty of a felony of the first degree, which felony shall be known as "trafficking in cocaine."
Any attempt consists of two elements: (1) a specific intent to commit the crime, and (2) an overt but ineffectual act done toward the crime's commission. Gustine v. State, 86 Fla. 24, 97 So. 207 (1923). Further, it has been held that the "overt act" must go beyond mere preparation.
There must be some appreciable fragment of the crime committed and it must be in such progress that it would be consummated unless interrupted by circumstances independent of the will of the attempter.

Groneau v. State, 201 So.2d 599, 603 (Fla. 4th DCA), cert. denied, 207 So.2d 452 (1967) (emphasis supplied). The State evidently sought conviction for "trafficking" based upon an alleged attempt to knowingly possess the cocaine.
First, it is well established that, when a jury question exists, it is error for the trial court to grant a (c)(4) motion to dismiss. State v. Green, 400 So.2d 1322 (Fla. 5th DCA 1981); State v. Radandt, 410 So.2d 665 (Fla. 4th DCA 1982). Intent is such a fact question and should be determined by the trier of fact, not by the trial court in a motion to dismiss. State v. J.T.S., 373 So.2d 418 (Fla. 2d DCA 1979); State v. Evans, 394 So.2d 1068 (Fla. 4th DCA 1981). Second, the facts establish a prima facie case that appellee went beyond mere preparation to possess cocaine and *1247 fell short of committing the crime only because of circumstances independent of his will. Appellee argues that he voluntarily stopped the process by refusing to purchase the cocaine at the seller's asking price. We think the facts could just as easily indicate that appellee would have purchased the cocaine but for the seller's refusal to lower the price  a circumstance "independent of the will of the attempter." Any interpretation of the facts, however, should be made by the trier of fact.
Accordingly, we reverse the trial court's order dismissing Count II of the Information.
BOOTH, J., and TILLMAN PEARSON (Ret.), Associate Judge, concur.