468 So.2d 383 (1985)
AMERICAN INTERNATIONAL REALTY, INC., a Florida Corporation, and Timothy S. Brumlik, Appellants,
v.
SOUTHEAST FIRST NATIONAL BANK OF MIAMI, an Association Organized and Existing under the Laws of the United States, Now Known As Southeast Bank, N.A., Appellee.
No. 83-2431.
District Court of Appeal of Florida, Third District.
April 23, 1985.
Rehearing Denied May 21, 1985.
Richard A. Sherman, Fort Lauderdale, for appellants.
Britton, Cohen, Cassel, Kaufman & Schantz and Arthur M. Simon and John Britton, Miami, for appellee.
Before BARKDULL, BASKIN and DANIEL S. PEARSON, JJ.
BARKDULL, Judge.
The appellants seek review of an adverse summary final judgment awarding the appellee triple damages in an action alleging breach of contract and civil theft.
American International Realty, Inc. maintained a checking account at Southeast Bank. The only signatory on the account was the corporation president, Timothy Brumlik. On or about September 4, 1981, Brumlik executed a check on the account in the amount of $17,379 payable to Paine Webber. The check was to pay for stock personally purchased by Brumlik. *384 There were insufficient funds in the account and an overdraft was created when Southeast Bank made payment on the check. When notified of the overdraft, Brumlik said he thought there were sufficient funds in the account to cover the check but that he would make arrangements to cover it. Payment was never made to Southeast Bank on the overdraft. It filed the instant action seeking damages for breach of contract against American and triple damages against Brumlik for civil theft pursuant to § 812.035(7), Florida Statutes (1981).[1] The defendants answered and raised several affirmative defenses. The trial court entered a summary final judgment finding American International Realty, Inc., indebted to the bank for the amount of $18,031.06.[2] Brumlik was found to "knowingly obtain or use or endeavor to obtain or use the property of the Plaintiff in the form of cash in the sum of $17,379 with the intent to permanently deprive the Plaintiff of its right to said property ... as prohibited by Florida Statute 812.014,"[3] and "that pursuant to Florida Statute 812.035 Plaintiff is entitled to recover threefold the actual damages which is $17,379.00, attorneys fees and costs of this litigation".
Thereafter the trial court assessed attorney's fees in the amount of $8,700.00.
We affirm the summary judgment as relates to Count 1 in the amount of $17,379 plus interest as a compensatory loss.[4] We reverse the judgment on the civil theft count.[5]
At the time of opening the account the parties entered a written contract, a portion of which reads as follows:
"Overdrafts. If you write a check for more money than you have available in your account, you'll be overdrawn and we have the right to return the check. We are not required to permit overdrafts, but if we do, you agree that we may charge interest on the amount of the overdraft at the highest rate permitted by law."
Upon the bank receiving the overdrawn check, it had the option to either return it marked "drawn against insufficient funds" or honoring it and considering it a loan to the depositor. The bank unilaterally opted for the latter course. It so notified the depositor and when it was not paid, brought the instant action. The bank was limited, under the circumstances of this case, to recovery of the amount advanced,[6] plus interest, and attorney's fees.
Because the attorney's fee award was based on the entire amount recovered, some $80,000, it is set aside and should be recomputed based on the ultimate recovery of $17,379.
Therefore we direct the trial court to enter a new summary judgment for the plaintiff, against American, in the amount *385 of $17,379, plus interest cost and attorney's fees[7] and dismiss the action against Brumlik.
Affirmed in part, reversed in part with directions.
NOTES
[1] 812.014 Theft. 

(1) A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent:
(a) To deprive the other person of a right to the property or a benefit therefrom.
(b) To appropriate the property to his own use or to the use of any person not entitled thereto.
* * * * * *
[2] The amount of the check of $17,379 plus interest charges.
[3] 812.035 Civil Remedies; Limitation on Civil and Criminal Actions.

(7) Any person who is injured in any fashion by reason of any violation of the provisions of ss. 812.012-812.037 shall have a cause of action for three-fold the actual damages sustained and, when appropriate, punitive damages. Such person shall also recover attorneys' fees in the trial and appellate courts and costs of investigation and litigation.
[4] Even if it was appropriate to award a compensatory judgment against American and treble the compensatory loss against Brumlik, the compensatory loss could only be satisfied one time. Flagship Bank of Orlando v. Bryan, 384 So.2d 1323 (Fla. 5th DCA 1980).
[5] Summary judgment would be inappropriate in a civil theft action because of the necessity of finding intent, which should normally be resolved by the finder of fact. State v. Wise, 464 So.2d 1245 (Fla. 1st DCA 1985); Nesbitt v. Auto-Owners Insurance Company, 390 So.2d 1209 (Fla. 5th DCA 1980).
[6] Less any amount recovered by the prejudgment garnishments.
[7] In determining the amount of attorney's fees the trial court shall assess an amount incurred for attorney's service in this appellate proceeding.