471 So.2d 1333 (1985)
Luis SOBRINO and Oscar E. Diaz, Appellants,
v.
The STATE of Florida, Appellee.
Nos. 84-2379, 84-2380.
District Court of Appeal of Florida, Third District.
June 25, 1985.
*1334 Neil M. Nameroff, Miami, for appellants.
Jim Smith, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and FERGUSON, JJ.
NESBITT, Judge.
Sobrino and Diaz appeal their convictions and sentences on a drug trafficking charge. We reverse.
After negotiations, a drug sale was arranged between the defendants, as buyers, and undercover police officers, as sellers. On the afternoon of January 13, 1984, Officers Gutierrez and Rojas met Sobrino and Diaz at a previously designated Wendy's Restaurant. Sobrino and Diaz showed the officers a money-filled shoebox and the participants proceeded to a warehouse to make the exchange of drugs for money.
Upon arrival at the warehouse, Sobrino and Diaz inspected four (4) bales of marijuana which were in the trunk of an unmarked police vehicle. They indicated their satisfaction and Diaz went outside to get the money. On his return, he placed the shoebox on the hood of the vehicle, opened it and began to count the money. Officer Gutierrez then gave a signal to surveillance units, who moved in and arrested the defendants.
The state attorney's office charged Sobrino and Diaz with trafficking in cannabis, a violation of section 893.135(1)(a), Florida Statutes (1983), by alleging that they "did knowingly take or accept delivery for compensation and aided, abetted, couseled, [sic] and procured the delivery, in excess of 100 pounds but less than 2,000 pounds of CANNABIS."
The defendants' motions for judgment of acquittal were denied and the jury convicted them of trafficking in cannabis. Appellants make the simple but logical argument that as purchasers they could not commit the crime of trafficking by delivery. We agree and reverse.
To charge someone with an offense defined by statute, the facts must plainly and unmistakably place the accused within the criminal statute and all reasonable doubts must be resolved in favor of the accused. Nell v. State, 277 So.2d 1 (Fla. 1973). The state attorney has accurately alleged the facts in this case. The problem is that the facts alleged, the purchase of cannabis, do not constitute violations of the statutory provisions alleged in the information.
Section 893.135(1)(a) of the Florida Statutes provides that "[a]ny person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, in excess of 100 pounds of cannabis" is guilty of the first degree felony of trafficking in cannabis. The information in this case charges Sobrino and Diaz, initially, with taking and accepting delivery of cannabis for compensation. To take or accept delivery is to receive or obtain. To receive or obtain something in exchange for compensation is to purchase. The American Heritage *1335 Dictionary 1061 (W. Morris ed. 1973). Though the legislature may desire, in the future, to include purchases within its definition of trafficking, section 893.135(1)(a) does not presently prohibit the purchase of cannabis. Consequently, that particular portion of the information does not charge a crime.[1]
The information alleges in the alternative that the defendants aided, abetted, counseled or procured the delivery of cannabis. The facts do not support such an allegation. An aider and abettor participates in the same criminal conduct as the principal, not conduct which is the antithesis of the principal's. Just as a buyer does not aid and abet a seller, so a receiver does not aid and abet a deliverer. Wheeler v. State, 691 P.2d 599, 602 (Wyo. 1984); 3 C. Torcia, Wharton's Criminal Evidence § 648 (13th ed. 1973). The receiver's primary goal is not to aid and abet delivery but to obtain possession. A buyer or receiver commits the crime of possession or attempted possession, not delivery.[2]Wheeler.
The state cites Orantes v. State, 452 So.2d 68 (Fla. 1st DCA 1984) as support for its position that a receiver engages in delivery. Orantes also involved a "reverse sting" operation in which the defendants were arrested prior to taking possession of the drugs. The defendants in that case, however, were charged with conspiracy to traffic by conspiring to possess over 100 pounds of cannabis. The first district's affirmance of the convictions in Orantes certainly supports the proposition that one who conspires to possess cannabis can be convicted of conspiracy to traffic in violation of section 893.135(4), Florida Statutes (1983). See also State v. Bass, 451 So.2d 986 (Fla. 2d DCA 1984); State v. Cristodero, 426 So.2d 977 (Fla. 4th DCA 1982), review denied, 436 So.2d 100 (Fla. 1983). Unfortunately for the state, however, it did not, for reasons unknown to us, charge the defendants with conspiracy to traffic. The decision in Orantes does not in any way support the proposition that a recipient engages in delivery.[3]
The state failed to present a prima facie case showing that the defendants came within the statutory provisions under which they were charged. Accordingly, the convictions are reversed.
Reversed.
NOTES
[1] Although it is not clear from the record, we suspect that the defendants were not charged with trafficking by possession because the police officers effected the arrest before Sobrino and Diaz were in actual or constructive possession of the drugs. Of course, they could have been charged with attempted trafficking by attempted possession in violation of section 893.135(1)(a) and 777.04(1), Florida Statutes (1983). See Gonzalez v. State, 465 So.2d 613 (Fla. 3d DCA 1985); State v. Wise, 464 So.2d 1245 (Fla. 1st DCA 1985).
[2] The definition of delivery contained in section 893.02(4), Florida Statutes (1983) is as follows:

(4) "Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.
The definition, while broadly characterizing the act of delivery, does not transform a recipient into a deliverer. The legislature could easily and plainly have formulated such a definition if it had so desired.
The case of Wiggins v. State, 460 So.2d 483 (Fla. 1st DCA 1984) is factually distinguishable. The defendant there, convicted of conspiracy to traffic and trafficking by delivery, was a third party drug broker who introduced potential buyers and aided in sale negotiations. The first district's affirmance was based on its conclusion that the evidence warranted a finding of constructive delivery which supported the conspiracy charge.
[3] The federal cases relied on by the state do not aid its argument either. In fact, those cases impliedly support our conclusion because in both instances the "receiver" was convicted of attempted possession. See United States v. Williams, 704 F.2d 315 (6th Cir.), cert. denied, ___ U.S. ___, 104 S.Ct. 481, 78 L.Ed.2d 679 (1983); United States v. Manley, 632 F.2d 978 (2d Cir.1980), cert. denied, 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981).