495 So.2d 256 (1986)
The STATE of Florida, Appellant,
v.
Andres Rene RUIZ, Herberto Lorenzo, Eliseo Marquez, Jorge Luis Hernandez, Hernan Rigoberto Flores, and Eduardo Lorenzo, Appellees.
No. 86-12.
District Court of Appeal of Florida, Third District.
September 30, 1986.
Jim Smith, Atty. Gen. and Steven T. Scott, Asst. Atty. Gen., for appellant.
Jose M. Quinon, Rodolfo Sorondo, Jr., Coral Gables, Jerrell A. Breslin and Peter Raben, Miami, for appellees.
Before SCHWARTZ, C.J., and HUBBART and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
The state appeals from the dismissal of trafficking charges on the ground that the *257 contingent fee arrangement between the confidential informant and the police resulted in a violation of defendants' due process rights as enunciated in State v. Glosson, 462 So.2d 1082 (Fla. 1985). We reverse.
The prosecutor indicated below and the attorney general has emphasized here that the confidential informant will not be called by the state as a witness at any stage of the trial of this case. Since the thrust of Glosson is clearly to prevent the introduction of testimony by the c.i. which may be tainted, if not perjured, as a result of his monetary interest in the outcome, State v. Perez, 493 So.2d 547 (Fla. 3d DCA 1986); State v. Prieto, 479 So.2d 320 (Fla. 3d DCA 1985), these representations  by which, of course, the state is and will be strictly bound, Finney v. State, 420 So.2d 639 (Fla. 3d DCA 1981) (Pearson, J., specially concurring); Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337 (Fla. 3d DCA 1979), cert. denied, 378 So.2d 342 (Fla. 1979)  that the c.i. in question will not testify at all totally obviates the applicability of Glosson. State v. Prieto, 479 So.2d 320.
On this basis, the order below is reversed and the cause remanded for further proceedings consistent herewith.