OWEN, WILLIAM C., Jr., (Retired), Associate Judge.
Appellant, the vendee under an exec-utory contract for sale of unimproved real property, brought this action against the vendors, appellees Warren, Ross and Adler, and others, seeking various and sundry relief including specific performance, cancellation of a deed conveying the property to another, and, in the alternative, damages for breach of the contract. The trial court, on motion for summary judgment, held that the contract provision providing for return of the vendee’s deposit in the event the title was found to be unmarketable (as *946 it was, without question) was the vendee’s exclusive remedy and entered judgment accordingly.
Where, as here, a contract for the sale of real property contains a provision permitting the seller to remedy any title defect within a period of time, failing which the seller’s liability under the contract is limited to either conveying the title with the defect or refunding to the vendee all monies paid under the contract, at the option of the vendee, such limitation of liability does not protect the seller from the vendee’s claim for damages for breach of the contract if the seller is shown to have acted in bad faith. Sperling v. Davie, 41 So.2d 318 (Fla.1949); Key v. Alexander, 91 Fla. 975, 108 So. 883 (1926); Wolofsky v. Behrman, 454 So.2d 614 (Fla. 4th DCA 1984). Good faith is basically a question of intent and not properly resolved on motion for summary judgment. American International Realty, Inc. v. Southeast First National Bank of Miami, 468 So.2d 383 (Fla. 3d DCA 1985). While appellees make a persuasive argument that they had exercised good faith in their efforts to make the title marketable, the existence of genuine issues of material fact requires the issue to be resolved by the trier of fact and not by summary judgment.
After the court had entered a summary judgment in favor of the vendors, the allegations against the remaining defendants were considered moot and an order was entered dismissing those defendants. Our reversal of the summary judgment in favor of the vendors carries with it reversal of the order dismissing the remaining defendants.
REVERSED and REMANDED.
LETTS, J., concurs.
ANSTEAD, J., dissents with opinion.