546 So.2d 791 (1989)
The STATE of Florida, Appellant,
v.
Rolando FERNANDEZ, Appellee.
No. 88-2511.
District Court of Appeal of Florida, Third District.
July 25, 1989.
*792 Robert A. Butterworth, Atty. Gen. and Richard L. Polin, Asst. Atty. Gen., for appellant.
Ferrell, Williams, P.A., and Mily Rodriguez, Miami, for appellee.
Before BASKIN, COPE and GERSTEN, JJ.
GERSTEN, Judge.
The State appeals the dismissal of an information against the defendant, Rolando Fernandez. We reverse and reinstate.
The State filed a two-count information against the defendant charging attempted trafficking in cannabis and conspiracy to traffic in cannabis. The defendant filed an unsworn motion to dismiss based upon State v. Glosson, 462 So.2d 1082 (Fla. 1985), and Sobrino v. State, 471 So.2d 1333 (Fla. 3d DCA 1985). The State did not file any responsive pleading to the motion to dismiss. The trial court granted the defendant's motion to dismiss the information, specifically citing Glosson and Sobrino. Each count will be discussed separately.

I.

Attempted Trafficking
The defendant asserts that because he did not gain control of the cannabis, he would not be able to sell or deliver it and therefore, relying on Sobrino, the charge of attempted trafficking must be dismissed. The State contends that the information is specific enough to sufficiently apprise the defendant of the charge against him.
Attempted trafficking in cannabis may be committed by the attempted sale, attempted manufacture, attempted delivery, or attempted possession. § 893.135(1)(a), Fla. Stat. (1985). Here, the information charged that defendant:
... did unlawfully and feloniously attempt to commit a felony, to wit: TRAFFICKING IN CANNABIS, in excess of 100 pounds but less than 2000 pounds of CANNABIS ... and in furtherance thereof, the defendants in such attempt did negotiate the price of the Cannabis, plan for its delivery, bring cash to the delivery site, and set-up a scale to weigh the Cannabis prior to acceptance ...
*793 In Sobrino v. State, 471 So.2d at 1333, two defendants negotiated with police officers for the delivery of cannabis to the defendants. Before the defendants obtained possession of the contraband, they were arrested. The State brought charges against the defendants for trafficking in cannabis, alleging they had aided, abetted, counseled or procured the delivery of the cannabis. The defendants were subsequently convicted of trafficking in cannabis by delivery. This court reversed the convictions, holding that, as receivers, the defendants' primary goal was not to aid or abet delivery but to obtain possession. Since the defendants had not been charged with trafficking by possession or conspiring to traffic by possession, the information failed to allege an offense within the statute. Sobrino, 471 So.2d at 1335. This court noted, "[a] buyer or receiver commits the crime of possession or attempted possession, not delivery." Sobrino, 471 So.2d at 1335.
Rule 3.140(k)(5), Florida Rules of Criminal Procedure states:
Alternative or Disjunctive Allegations. For an offense which may be committed by doing of one or more of several acts, or by one or more of several means, or with one or more of several intents or results, it is permissible to allege in the disjunctive or alternative such two or more acts, means, intents or results.
Additionally, rule 3.140(o), Florida Rules of Criminal Procedure provides:
Defects and Variances. No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.
In this case, the information is sufficient to inform the defendant that he is charged with attempted trafficking by possession. Because Sobrino, 471 So.2d at 1333, does not require a person to obtain possession of the cannabis in order to be convicted of trafficking by possession, the trial court incorrectly applied Sobrino.

II.

Conspiracy to Traffic
The defendant does not dispute the language in the count involving conspiracy to traffic. The defendant does contend that as a matter of law, where a confidential informant is paid a contingency fee, dismissal is required. The defendant relies on State v. Glosson, 462 So.2d at 1082, as support for his contention. This, however, is simply not a correct reading of Glosson. In Glosson, the Florida Supreme Court did not prohibit contingency fees, but rather it prohibited the use of a confidential informant where the confidential informant stood to "gain" by his testimony "when the testimony was critical to a successful prosecution." Glosson at 1085. The case before us is quite different.
Here, the confidential informant was paid for steering the police to a drug transaction. The amount of his fee was based upon the amount of drugs involved. This neither violates the holding in Glosson nor constitutional due process. In today's atmosphere of creative law enforcement it has become necessary to use permissible financial incentives to ferret out those who would be drawn to the siren-like allure of drug trafficking and easy money. This case presents a proper and logical outflow of a means to catch the largest drug traffickers  bigger pay for bigger deals. The testimony of the confidential informant was not to be offered at trial.
There is ample post-Glosson case law to support this type of police action. See, e.g., Moore v. State, 498 So.2d 612 (Fla. 5th DCA 1986); State v. Ruiz, 495 So.2d 256 (Fla. 3d DCA 1986); State v. Perez, 493 So.2d 547 (Fla. 3d DCA 1986); Lee v. State, 490 So.2d 80 (Fla. 1st DCA 1986); State v. *794 Prieto, 479 So.2d 320 (Fla. 3d DCA 1985); Yolman v. State, 473 So.2d 716 (Fla. 2d DCA 1985).
Accordingly, we reverse and reinstate.