STONE, Judge.
The appellant was convicted of trafficking in cocaine. He contends it was error to deny his motion to dismiss on due process grounds. The transaction culminating in his arrest was initiated by an informant performing substantial assistance in order to obtain a reduced sentence in another case. See Hunter v. State, 531 So.2d 239 (Fla. 4th DCA 1988).
Here, the informant introduced undercover officers to the appellant’s codefend-ant, Boutelle. The informant advised the officers that Boutelle was interested in buying drugs. The police knew nothing about the background of either the informant, Boutelle or Khelifi. Boutelle arranged to meet the officers in a parking lot to buy a kilo of cocaine. He said that someone, meeting appellant’s description, would accompany him.
The two officers, wearing listening devices, met Boutelle and the appellant as arranged. The officers indicated the sale price was eleven thousand dollars. The defendant advised them that he had the money, showing them one packet in his sock and another in his shirt pocket. The appellant and one officer entered the officer’s car where Khelifi sampled the cocaine, discussed doing future deals, and addressed the details of the transfer. Shortly thereafter, the cocaine was passed to appellant and he was arrested.
The appellant argues that he was not seeking to traffic, that he was a cocaine addict, and would have purchased a lesser amount if given that option. He asserts that the informant determined the one kilo amount in order to arrange a big deal. Appellant claims that he was ensnared because law enforcement officers encouraged the informant to initiate new criminal activity as a condition for obtaining a reduced sentence, rather than simply seeking assistance in apprehending those already engaging in a crime. See State v. Glosson, 462 So.2d 1082 (Fla.1985); Hunter v. State.
We recognize that Hunter is presently under review in the supreme court but, in any event, we deem that case to be inappo-site here. In Hunter, the informant was a major prosecution witness in the case and evidence showed that he had used persistent inducements to overcome an initial refusal by the defendant in that case to participate. ■ In this case, the informant played no role in the transaction and his uncorroborated testimony was not necessary for trial. In addition, there were no threats or persistent enticements causing the defendant to act contrary to a law abiding predisposition. The appellant argues the informant acted pursuant to a substantial *334 assistance agreement. This caused him to intentionally set up the large cocaine purchase by the codefendants even though the authorities knew of no prior criminal activity by them. However, these factors alone do not amount to a violation of due process rights as a matter of law. E.g. Hunter v. State; Perez v. State, 517 So.2d 106 (Fla. 3d DCA 1987); State v. Ruiz, 495 So.2d 256 (Fla. 3d DCA 1986).
Therefore, the judgment and sentence are affirmed.
HERSEY, C.J., concurs.
ANSTEAD, J., concurs in conclusion only.