PER CURIAM.
We reverse appellant’s conviction for trafficking and conspiracy to traffic in cocaine. In State v. Maugeri, 570 So.2d 1153 (Fla. 4th DCA 1990), this court upheld the dismissal of all charges against the appellant’s codefendant on the authority of State v. Glosson, 462 So.2d 1082 (Fla.1985); State v. Anders, 560 So.2d 288 (Fla. 4th DCA 1990); and Hunter v. State, 531 So.2d 239 (Fla. 4th DCA 1988). We recently reviewed those cases in Krajewski v. State, 587 So.2d 1175 (Fla. 4th DCA 1991). Nothing is to be gained by our repeating that analysis here.
However, the trial court in this case reasoned that Glosson and Hunter did not apply to Herndon because the target of the undercover activity was the codefendant, Maugeri, not Herndon. The court stated:
At issue is whether Glosson’s holding extends to a codefendant informant who was not the direct target of the government agent. The Fourth District certified this question in Hunter as one of great importance. In Hunter the Fourth District directed that the non target co-defendant also be discharged, but it did so without discussion as to the reasons therefore.
The basic rational of both Glosson and Hunter is that where the confidential informant has a personal stake in the outcome of case, whether it be monetary or personal liberty, and where he is, without supervision, permitted to detect crime previously unknown to the police, the likelihood that he will create new crime for personal benefit is so great (and this “loose cannon” approach to law enforcement disapproved of so much) that the courts will find the practice to violate the due process rights of anyone so ensnared.
Put in even simpler terms, these cases discourage the police from turning a blind eye to entrapment by their agents who have every motivation to entrap. But it is entrapment which the court views as the heart of the matter. And entrapment is a defense which cannot be vicariously raised. Certainly, if entrapment were touted as the reason for discharge by Herndon in this case, this court would have no difficulty in finding that since the Cl did not deal with Hern-don, that the defense did not lie. Yet the only reason in this case or in the Hunter case that the motion to dismiss was granted as to the target defendant was because the likelihood of entrapment was so great that the conduct was disapproved as a matter of law. The police were sanctioned and the “wrong” was “righted” by discharging the target. There is no reason for the codefendant, who could not rely on the defense of *207 entrapment in the first place, to gain a windfall.
Accordingly, the Motion To Dismiss by the defendant Herndon is denied.
The sole issue in this appeal is whether a codefendant, who was not the informant’s target and who has no entrapment defense of his own, must nevertheless be discharged. Our review of Glos-son, Anders, and Hunter, reveals that in each case others who were not the targets of the government agent were similarly discharged. This issue is presently pending before the supreme court in the second issue certified in Hunter.
There is no need to address the underlying facts in this appeal because we must assume that Maugeri, the codefendant-tar-get, was properly discharged. For this reason we also need not consider Jamarillo v. State, 576 So.2d 349 (Fla. 4th DCA 1991), and Khelifi v. State, 560 So.2d 333 (Fla. 4th DCA), rev. denied, 574 So.2d 141 (Fla.1990).
Therefore, the judgment and sentence are reversed. Upon remand, the defendant is to be discharged. As to all other issues raised we find no error or abuse of discretion.
We certify to the supreme court the same questions certified in Krajewski v. State; State v. Anders, and Hunter v. State.
ANSTEAD and DELL, JJ., concur.
STONE, J., concurs specially with opinion.