908 So.2d 1166 (2005)
Elvershon WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-3687.
District Court of Appeal of Florida, First District.
August 23, 2005.
Nancy A. Daniels, Public Defender; Edgar Lee Elzie, Jr., Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Felicia A. Wilcox, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant Elvershon Williams appeals his conviction for possession of cannabis with intent to sell. At trial, appellant's defense to the crime was that he intended to purchase the drugs he possessed rather than sell them. The trial court instructed the jury on a principal's liability for the crime, explaining that the jury could find appellant guilty of possession with intent to sell or deliver if it found that appellant intended to and did in fact assist or encourage the person selling the cannabis. While the trial court's instruction is a correct statement of the law of *1167 principals, no evidence was presented during the trial that appellant aided or abetted any person in selling or delivering cannabis. The evidence presented indicated that appellant was either the intended seller or intended purchaser, not an aid to either. Because there was no evidence to support the giving of the instruction, the trial court erred in giving it. See Butler v. State, 493 So.2d 451, 452 (Fla.1986).
The error was compounded when the State, in its closing, erroneously argued that the jury could find appellant guilty of possession with intent to sell or deliver if it found that appellant intended to receive delivery of or purchase the drugs. Cf. Sobrino v. State, 471 So.2d 1333, 1335 (Fla. 3d DCA 1985) (stating, "Just as a buyer does not aid and abet a seller, so a receiver does not aid and abet a deliverer"); compare § 893.13(1)(a), Fla. Stat. (2003) (stating that "it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance") with § 893.13(2)(a), Fla. Stat. (stating that "it is unlawful for any person to purchase, or possess with intent to purchase, a controlled substance"). Under the evidence and in combination with the State's erroneous argument, the giving of the principal instruction constitutes reversible error. See Sobrino, 471 So.2d at 1335.
Therefore, appellant's conviction for possession of cannabis with intent to sell is REVERSED, and this case is REMANDED for a new trial.
ERVIN, ALLEN AND POLSTON, JJ., concur.