NORTHCUTT, Judge.
 

 Johnathan Jackson was tried and convicted in Hillsborough County on charges that he possessed a trafficking amount of cocaine and that he conspired with two other men to traffic in cocaine. He maintains that Hillsborough County was not the proper venue for the trafficking charge. We agree and reverse the trafficking conviction. Jackson acknowledges that this issue does not affect his conspiracy conviction, and we affirm that conviction without further discussion.
 

 The charges arose from a 2006 transaction involving nearly two kilograms of cocaine. Donald Pressley, who was in Hills-borough County, arranged to buy the drugs from Jackson, who was in either Broward or Dade County. On the agreed date, Pressley and another man, Eugene Robinson, drove to South Florida. They were unaware that the police had been authorized to place a GPS tracking device on their car, and the police followed the vehicle as it drove south. After Pressley and Robinson arrived in South Florida, they were observed entering an apartment and then exiting with Jackson, who walked them to the car and waited while Pressley put something in the trunk. When Press-ley and Robinson returned to Hillsborough County, the police stopped their car and found cocaine in its trunk. After his arrest, Pressley allowed the police to record his phone calls with Jackson, who gave Pressley two bank account numbers. Ac
 
 *372
 
 cording to the bank’s representative, one of the accounts belonged to Jackson.
 

 All three men were charged with trafficking and conspiracy to traffic in cocaine. In count 1 of the amended information, the State charged that they knowingly possessed a trafficking amount of cocaine, 400 grams or more but less than 150 kilograms, in violation of section 893.185(l)(b)(l)(c), Florida Statutes (2005). The amended information alleged that the offense occurred in Hillsborough County. At trial, Jackson moved for judgment of acquittal on the trafficking charge, arguing that the State failed to prove he committed the trafficking offense in Hillsborough because the evidence showed that he possessed the cocaine only in Dade County. The motion was denied, and Jackson argues on appeal that the trial court erred by finding that Hillsborough County was the proper venue for this charge.
 

 The Florida Constitution provides in pertinent part that “the accused shall ... have a speedy and public trial by impartial jury in the county where the crime was committed.” Art. I, § 16(a), Fla. Const. Here, the State alleged venue only in Hillsborough County, and it was therefore required to prove that the crime was committed there.
 
 See State v. Katz,
 
 417 So.2d 716, 717 n. 1 (Fla. 2d DCA 1982).
 

 The State concedes that it presented no evidence to show that Jackson possessed this trafficking amount of cocaine in Hills-borough County. Even so, it contends that Jackson was properly tried in Hills-borough County because he aided and abetted his codefendants’ possession of the cocaine there. The State points to section 910.04, Florida Statutes (2005), which provides that “[i]f a person in one county aids, abets, or procures the commission of an offense in another county, the person may be tried in either county.”
 

 We reject the argument that a drug seller may also be guilty of aiding and abetting his buyer. As explained by the Third District Court of Appeal in
 
 Sobrino v. State,
 
 471 So.2d 1333, 1335 (Fla. 3d DCA 1985), “[a]n aider and abettor participates in the same criminal conduct as the principal, not conduct which is the antithesis of the principal’s. Just as a buyer does not aid and abet a seller, so a receiver does not aid and abet a deliverer.” A similar analysis was applied in
 
 Williams v. State,
 
 908 So.2d 1166 (Fla. 1st DCA 2005), a decision by the First District Court of Appeal reversing a conviction for possession of cannabis with intent to sell due to an unwarranted instruction on principals. The First District explained that the defendant “was either the intended seller or intended purchaser, not an aid to either.”
 
 Id.
 
 at 1167.
 

 In this case, the evidence showed that Jackson possessed a trafficking amount of cocaine, but there was no proof that he possessed it in Hillsborough County. Jackson sold cocaine to Pressley and Robinson in South Florida, where they took possession of the contraband and returned to Hillsborough County. Their possession was adverse to and exclusive of Jackson’s interest. We agree, then, that Jackson could not have been an aider and abettor of their possession of cocaine in Hillsbor-ough County.
 

 Because the evidence failed to prove that Jackson committed trafficking by possession in the charged venue of Hillsbor-ough County, the trial court erred when denying his motion for judgment of acquittal.
 
 See State v. Dreyer,
 
 594 So.2d 327, 328 (Fla. 2d DCA 1992) (holding that trial court erred in denying motion for judgment of acquittal when State failed to prove venue). Therefore, we reverse the conviction for trafficking, but we note that Jackson may be retried in the proper ven
 
 *373
 
 ue for this offense.
 
 See McClellion v. State,
 
 858 So.2d 379, 382 (Fla. 4th DCA 2003) (explaining that new trial, rather than discharge, was appropriate remedy).
 

 We comment briefly on one other evidentiary issue. Pressley and Robinson pleaded guilty to trafficking and conspiracy to traffic in cocaine. They then testified against Jackson in the hope of receiving more lenient sentences although no promises had been made. In cross-examination, defense counsel asked Robinson if his trafficking charge carried a possible thirty-year maximum sentence. The trial court sustained the State’s objection. Defense counsel then began to ask Robinson if the charge carried a fifteen-year mandatory minimum prison term, but again the State’s objection was sustained. Defense counsel was allowed to ask Robinson whether, having entered an open plea to two felonies in this case including trafficking, he was “subject to the maximum penalty on both of these cases.” Robinson acknowledged that such was the case.
 

 Jackson argues on appeal that the trial court abused its discretion in limiting cross-examination on this point, and we agree.
 
 See Powe v. State,
 
 413 So.2d 1272, 1273 (Fla. 1st DCA 1982) (reversing because trial court refused to allow defense counsel to inquire about minimum mandatory penalty that State’s key witness avoided with guilty plea; witness’s knowledge of penalty may have been significant factor in decision to testify against defendant);
 
 see also Yolman v. State,
 
 469 So.2d 842, 843 (Fla. 2d DCA 1985) (“It is well established that a defendant has the right to fully cross-examine an adverse witness to reveal any bias, prejudice or improper motive the witness may have had in testifying against the defendant.”) (citing
 
 Powe
 
 among other cases).
 

 Nevertheless, we conclude that the error was harmless. In addition to the facts recited above, the evidence revealed that Pressley and Robinson had known each other for twenty years. They testified that they had pleaded guilty to the charges, they faced the “maximum penalty,” and they were testifying against Jackson to help their cases. The jury was thus made aware that the two men faced sentencing on substantial charges rather than reduced charges, and the defense was able to argue that their testimony was motivated by the desire of two longtime friends to curry favor with the State and thereby receive more lenient treatment. Thus the basis for impeachment of the men was shown, giving the jury a reason to disbelieve their testimony. Although the credibility of these witnesses certainly was key to the State’s case, there was other evidence placing Jackson with them on their round trip to South Florida and disclosing an agreement for payment by wiring to a bank account or delivering funds on the next trip. Although a close question, we do not see a reasonable possibility that the jury’s verdict would have been different had it been informed of the potential sentences faced by these witnesses.
 
 See State v. DiGuilio,
 
 491 So.2d 1129, 1139 (Fla.1986) (“The question is whether there is a reasonable possibility that the error affected the verdict.”). Thus we conclude that the error was harmless.
 

 Affirmed in part; reversed in part.
 

 CASANUEVA, C.J., and WALLACE, J., Concur.