MORRIS, Judge.
The State appeals an order dismissing charges in two separate cases of a violation of RICO,[1] conspiracy to commit RICO, trafficking in cocaine, and conspiracy to traffic in cocaine. We affirm in part and reverse in part.
Cisneros was apprehended with a trafficking amount of cocaine in Lee County, Florida. In the informations filed against her in Hillsborough County, the State charged her with committing RICO and conspiracy to commit RICO in Hillsbor-ough and Lee Counties and with committing trafficking and conspiracy to traffic in Hillsborough, Lee, Sumter, and Escambia Counties. After Cisneros filed motions to dismiss based on improper venue, the State filed a traverse. In the traverse, the State alleged that Cisneros and the purported ringleader of a drug trafficking organization engaged in telephone conversations to discuss a drug shipment. The State also alleged that in conversations between the ringleader and an unidentified person, there was discussion about Cisne-ros’s and her codefendant’s travelling on 1-75 in Florida. Thus the State contended *44 that Cisneros’s “path of travel ... included travelling through Hillsborough County to reach th[e] final destination in Lee County.” The State proffered that the ringleader had a known address in Hills-borough County, his cell phone was subscribed in Hillsborough County, and he had been identified as a major drug supplier to Hillsborough County. The State finally alleged that although the ringleader may not have been in Hillsborough County at the time of the phone calls between himself and Cisneros, his phone lines were intercepted in Hillsborough County.
Our standard of review of an order on a pretrial motion to dismiss is de novo. State v. Pasko, 815 So.2d 680, 681 (Fla. 2d DCA 2002) (citing Styron v. State, 662 So.2d 965 (Fla. 1st DCA 1995)).
We hold that the State’s traverse was insufficient to warrant an automatic denial of the motions to dismiss because it did not create a material factual dispute. See State v. Carroll, 404 So.2d 844, 845 (Fla. 5th DCA 1981) (finding that State’s traverse “set out certain ‘disputed’ facts which [were] irrelevant and inadmissible at trial ... and which d[id] not effectively traverse the appellee’s motion”). The fact that the ringleader may have been known to be a drug supplier to Hillsborough County, had an address there, and had a cell phone subscribed there does not mean Hillsborough County was the proper venue to try Cisneros, especially where there was no proof that the ringleader was even in Hillsborough County at the time he spoke with Cisneros. Indeed, the State’s traverse suggests that he was not. Further, the fact that an unidentified person referenced Cisneros’s travelling on 1-75 does not prove that Hillsborough County was the proper venue as Cisneros could have strayed off of 1-75 at any time on her way to Lee County. Simply put, the State’s traverse did not deny the material facts alleged in Cisneros’s motions to dismiss.
For the same reasons, we reject the State’s arguments on the merits. The State is correct that where a person commits a crime in more than one county, a trial may be held in any county in which the crime occurred. See §§ 910.05 & 910.06, Fla. Stat. (2007); see also § 910.02 (providing that when an offense is committed while in transit and it is not known in which county the offense is committed, “the accused may be tried in any county through which the ... vehicle has traveled”). But here, there was no proof offered to tie Cisneros to Hillsborough County. The State simply failed to prove that the ringleader was in any of the counties alleged in the informations at the time he spoke with Cisneros or that Cisneros travelled through any of the counties alleged prior to her apprehension in Lee County. The State points to a response it filed to Cisneros’s codefendant’s motion to dismiss, wherein the State asserted that some of the recorded phone calls “included discussions about transporting a portion of the cocaine from F[ort] Myers to [the ringleader] in Tampa.” However, within that same response, the State also alleged that it was the ringleader and an unidentified male who discussed “skirts” and whether the unidentified male would be “bringing them up here.” Thus there is no allegation that it was Cisneros who discussed transporting the drugs from Fort Myers to Tampa. The State’s reliance on Jackson v. State, 37 So.3d 370 (Fla. 2d DCA 2010), is unavailing because in that case, the appellant conceded his conspiracy charge was properly brought in Hillsborough County. That concession was based on the fact that the other people involved in the conspiracy were in Hillsborough County at the time they formed the conspiracy. Id. at 371. Those are not the facts of this case.
*45 In fact, Jackson actually supports the dismissal of the RICO, conspiracy to commit RICO, and conspiracy to traffic in cocaine charges here. Because there was no proof that the ringleader was in Hills-borough County at the time Cisneros spoke to him [2] and because the State otherwise failed to prove that Cisneros had ties to Hillsborough County, the circuit court correctly determined that Hillsbor-ough County was an improper venue. See Jackson, 37 So.3d at 372 (holding that where evidence failed to prove appellant committed trafficking by possession in Hillsborough County, trial court erred by denying his motion for judgment of acquittal).
The State maintains that it could file an information under the authority of the Office of the Statewide Prosecutor pursuant to section 16.56, Florida Statutes (2006-2007). The State argues that the statewide prosecutor may pursue charges against a defendant anywhere in the state as long as the crimes involved two or more judicial circuits. But such authority does not apply in this case where the State failed to prove Cisneros had ties to any county outside of Lee County.
Consequently, we affirm the dismissal of the charges of RICO, conspiracy to commit RICO, and conspiracy to traffic in cocaine.
For the reasons already addressed herein, we could affirm the dismissal of the trafficking charge as well. However, “[a]s a general principle, a transfer, rather than a dismissal is the preferred remedy for improper venue.” State v. Kotecki, 82 So.3d 1150, 1152 (Fla. 2d DCA 2012) (citing Bush v. State, 945 So.2d 1207, 1214-15 (Fla.2006)). The State argued below and here on appeal that the trafficking charge could be transferred to Lee County. We agree. Accordingly, the trial court erred by dismissing the trafficking charge rather than transferring it to Lee County, and we reverse and remand the dismissal of that charge only.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT, J„ and GALLEN, THOMAS M., Associate Senior Judge, Concur.

. Racketeer Influenced and Corrupt Organization Act.

. Based on this same fact, we reject without further comment the State’s argument that Cisneros could be charged as an aider and abettor pursuant to section 910.12.